**Luis Alfred FLORES, Appellant**

v.

**The STATE of Texas, Appellee**

**No. 04–85–00530–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 25, 1989.

Larry Zinn, San Antonio, for appellant.

Sam Millsap, Former Crim Dist. Atty., Fred G. Rodriguez, Criminal Dist. Atty., Sam Ponder, Raymond J. Hardy, Jr., San Antonio, for appellee.

Before BUTTS, CHAPA and BIERY, JJ.

## OPINION

CHAPA, Justice.

This case involves the application of article 37.07, § 4, Parole Law instruction. Because the Texas Court of Criminal Appeals

has declared article 37.07, § 4 unconstitutional in *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988), they have directed this Court to conduct a harmless error analysis under the guidelines of TEX.R. APP.P. 81(b)(2). 761 S.W.2d 7.

TEX.R.APP.P. 81(b)(2) provides:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or the punishment.

The evidence presented to the jury revealed that:

1) appellant robbed a convenience store at gunpoint;

2) other than using a gun, appellant did not demonstrate any other form of violence;

3) when the description was issued, appellant was apprehended leaving his home apparently without any violence;

4) appellant was immediately identified by the store manager upon being returned to the store;

5) although several police officers testified appellant's reputation is bad, the unrefuted evidence was that appellant has never been convicted of any crime; and

6) appellant's employer also testified he was a good employee and would rehire him if he were put on probation.

The record further reflected that over appellant's objections, the trial court's charge on punishment included the statutory parole law instructions without any added precautions.

The punishment for the crime for which appellant was convicted ranges from confinement for not less than 5 years nor more than 99 years, plus a fine of not more than $10,000. The jury assessed punishment at confinement of 30 years.

In *Rose v. State, supra,* as a precaution the trial court included an additional curative final instruction to the statutory charge which more specifically instructed the jury that the amount of the sentence imposed that would be served by the defendant was within the exclusive jurisdiction of the Board of Paroles and the Governor. The Court of Criminal Appeals found this additional precautionary instruction "particularly significant." *Rose, id.* at 554. In finding that the parole law instruction beyond a reasonable doubt made no contribution to the punishment, the Texas Court of Criminal Appeals stated:

The presumption that the jury followed the trial judge's final instruction to totally disregard parole, coupled with the particularly heinous facts of the case and appellant's prior criminal record, lead us to the conclusion that the statutory parole instruction did not affect appellant's sentence.

*Rose, supra* at 554.

The case before us is distinguishable from *Rose.* The court's charge here does not contain the additional precautionary final curative instruction to disregard parole, the facts in this case cannot be considered heinous, and the appellant has no prior record in spite of what the police consider his reputation to be. We cannot say that beyond a reasonable doubt the unconstitutional parole charge made no contribution to the 30 year sentence.

The judgment is reversed and the cause is remanded. *Ex parte Klasing,* 738 S.W. 2d 648 (Tex.Crim.App.1987) (en banc).

BUTTS, Justice, dissenting.

I respectfully disagree with the majority conclusion that the parole law instruction affected the jury's assessment of punishment. This was a crime of violence, aggravated robbery. The police officers who testified that appellant's reputation in the community was bad were not shown to be uncredible witnesses. Police officers do not testify in this manner as to reputation of an accused in every criminal case. Moreover, it is established law that the knowledge possessed by the witness cannot be based on the case at trial. Therefore, their knowledge came from other sources.

The statutory cautionary parole law instructions were also given and we must

presume the jury followed them. The mere fact that the jury assessed some term of years of imprisonment is not enough alone to demonstrate that the jury was affected harmfully by the instruction. In fact, the punishment was less than one-third of the possible range.

A jury does not always recommend probation when a deadly weapon is used in a robbery. We are placing ourselves in the posture of a fact-finder when we determine what punishment we would deem proper in a given case. That is a matter for the jury.

In this case I would hold that the statutory parole law instruction did not affect the appellant's sentence. I would hold that beyond a reasonable doubt the error in the jury instruction on parole law did not contribute to the punishment in this case.