**Ex parte Leonicio SALAS, Sr.**

**No. 69681.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 4, 1987.

Juan Martinez Gonzales, Beeville, for appellant.

Alger Kendall, Dist. Atty. and Lynn Ellison, Asst. Dist. Atty., Karnes City, Robert Huttash, State's Atty., Austin, for the State.

OPINION

**W.C. DAVIS, Judge.**

Applicant filed this application for a post conviction writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P. We remanded for an evidentiary hearing. We now address applicant's contention that no evidence was introduced to prove that his second prior felony conviction alleged for enhancement, was for an offense committed after his first prior felony conviction became final, as required by V.T.C.A.Penal Code, § 12.-

42(d). *Ex parte Benavidez,* 696 S.W.2d 582 (Tex.Cr.App.1985); *Hickman v. State,* 548 S.W.2d 736 (Tex.Cr.App.1977); see *Ex parte Murchison,* 560 S.W.2d 654 (Tex.Cr. App.1978); *French v. Estelle,* 692 F.2d 1021, 1024, n. 6 (5th Cir.1982).

Applicant chose to have the court assess punishment. He pleaded "not true" to the enhancement allegations which stated that applicant had been convicted on January 15, 1971, in the 81st District Court of Karnes County in Cause No. 4317 for the felony offense of "carrying a pistol on premises covered by a permit under Texas Liquor Control Act"; the allegations also stated that applicant had been convicted on July 10, 1975, in the 81st District Court of Karnes County in Cause No. 4604, for aggravated assault with a deadly weapon causing bodily injury, in Cause No. 4605 for attempted murder, and in Cause No. 4606 for carrying a handgun on premises licensed under provisions of the Texas Liquor Control Act. In reference to Cause Nos. 4604–4606, the State introduced a "pen packet" containing, inter alia, judgments and sentences which reflect that applicant was convicted on July 10, 1975, for all three offenses. The State also introduced indictments in Cause Nos. 4604–4606, apparently to show that the sequence of the later prior convictions was subsequent to the conviction for the first prior felony.

Indictments are not always proper vehicles to show the date of commission of an offense for this purpose. *Villareal v. State,* 468 S.W.2d 837 (Tex.Cr.App.1971); *Rogers v. State,* 169 Tex.Cr.R. 239, 333 S.W.2d 383 (Tex.Cr.App.1960). However, as stated in *Villareal,* supra, where the punishment hearing was before the court, "an indictment is not evidence as to when a prior offense was committed other than where there is a final conviction the offense should be presumed to have been committed some time within the period of limitation prior to the filing of the indict-

ment." *Villareal,* 468 S.W.2d at 840 citing *Garay v. State,* 389 S.W.2d 952 (Tex.Cr. App.1965); *Ex parte Girnus,* 640 S.W.2d 619 (Tex.Cr.App.1982). We presume the trial court is aware of the statute of limitations in cases before it and, therefore, can utilize this rule.

In the instant case applicant's first prior felony conviction was final on January 15, 1971. The indictments in the subsequent felonies, Cause Nos. 4604–4606, were filed on May 6, 1975, alleging the dates of the offenses at April 27, 1975, November 3, 1974 and November 3, 1974, respectively. Cause No. 4604 is a conviction for aggravated assault. The statute of limitations for aggravated assault has long been three years. See Art. 12.01(4) and 12.03(d), V.A. C.C.P.; V.T.C.A.Penal Code, § 22.01 and former Penal Code, Art. 1147. Cause No. 4606 is a conviction for carrying a handgun on premises licensed under provisions of the Texas Liquor Control Act (currently the Texas Alcoholic Beverage Code). The statute of limitations for this felony is likewise three years. See Art. 12.01(4), V.A.C.C.P.; V.T.C.A.Penal Code, § 46.02 and former Penal Code Art. 483. Cause No. 4605, a conviction for attempted murder, has no statute of limitations and, thus, cannot be used under the rule cited in *Villareal,* supra, to prove the date of commission of this felony. See Art. 12.01(1) and 12.03(a), V.A. C.C.P. As long as one of the subsequent prior felony convictions alleged for enhancement was proved to have occurred after the first prior conviction became final, V.T.C.A., Penal Code, § 12.42(d) is satisfied.

Both Cause No. 4604 and Cause No. 4606 have three year limitation periods and both indictments were filed on May 6, 1975. Therefore, it is presumed that both of these offenses were committed within three years prior to May 6, 1975, or sometime after May 6, 1972. The first prior felony conviction alleged for enhancement, Cause No. 4317, became final on January 15,

1971. V.T.C.A.Penal Code, § 12.42(d) is satisfied by either Cause No. 4604 or Cause No. 4606, as they occurred after the first prior conviction became final. Therefore, the evidence is sufficient to show that the first prior conviction alleged for enhancement was a final conviction before the commission of an offense alleged as a subsequent felony conviction. See *Ex parte Girnus,* supra, and *Villareal,* supra.

The relief requested is denied.