## Ex parte William KLASING.

### No. 69703.

Court of Criminal Appeals of Texas, En Banc.

Sept. 16, 1987.

Rehearing Denied Oct. 21, 1987.

Shannon E. Salyer, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., and Bill May and Jeffery A. Babcock, Asst. Dist. Attys., Corpus Christi, Robert Huttash, State's Atty., Carl E.F. Dally, Sp. Asst., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is an application for a writ of habeas corpus filed pursuant to Article 11.07, V.A. C.C.P.

On September 13, 1982, a jury convicted the applicant of the offense of murder in Cause No. 82–CR–289–B in the 117th District Court of Nueces County. Upon the jury's finding that the allegations with respect to two prior felony convictions were true, the trial court assessed punishment at life imprisonment in accordance with V.T. C.A., Penal Code § 12.42(d). On direct appeal the judgment of conviction was affirmed in an unpublished opinion. *Klasing v. State,* 662 S.W.2d 789 (Tex.App.—Corpus Christi 1983). Petition for discretionary review was refused by this Court on May 23, 1984.

The applicant now asserts that there was no evidence introduced at his trial to show that the second prior felony conviction alleged in the indictment for enhancement purposes was for an offense committed subsequent to the date that the first prior felony conviction became final, as required by § 12.42(d), supra. We will grant relief.

The applicant elected to have the jury assess punishment. The indictment alleged in one enhancement paragraph that the applicant had been convicted, in the 105th District Court of Nueces County in Cause No. 11237, of the felony offense of passing a forged instrument, and was sentenced on September 17, 1962. The indictment further alleged in the other enhancement paragraph that the applicant had been convicted, in the 174th District Court of Harris County in Cause No. 12176, of the felony offense of possession of marihuana, and was sentenced on April 8, 1970. The applicant pleaded "not true" to the enhancement paragraphs.

The State introduced a "pen packet" containing copies of the judgment and sentence in Cause No. 12176. Neither the judgment nor the sentence reflects the date of the commission of the offense in that case. However, at the guilt/innocence phase of the trial in the instant case, the applicant testified as follows:

Q. Now, you have a prior conviction, do you not?
A. Yes, sir, I do.
Q. When were you arrested for that conviction?
A. The initial arrest on that conviction was September the 24th, 1965.
Q. When were you indicted for it?
A. I believe it was in March or April of '66.
Q. And what was that conviction for?
A. Possession of marijuana.
Q. How much of it was it?
A. Thirteen point something grams, I think. It was thirteen point something grams as far as I can ascertain.
Q. Did you plead guilty for that offense?
A. Yes, sir, I did.

The State introduced this testimony at the punishment phase, apparently to show that the sequence of the second prior felony conviction was subsequent to the conviction for the first prior felony.

On direct appeal, the Court of Appeals used the applicant's testimony that he was indicted for possession of marihuana in March or April of 1966 to apply the presumption that the offense was committed within the period of limitation prior to the filing of the indictment. *Klasing*, at 792; see *Alvarez v. State*, 536 S.W.2d 357 (Tex. Cr.App.1976), cert. denied, 429 U.S. 924, 97 S.Ct. 325, 50 L.Ed.2d 292 (1976); *Villareal v. State*, 468 S.W.2d 837 (Tex.Cr.App.1971). Since the statute of limitations for possession of marihuana in 1966 was three years, Article 12.01(4), V.A.C.C.P. (1965), the Court of Appeals presumed that the offense could not have been committed earlier than March 1, 1963, which was after the applicant's prior felony conviction became final on September 17, 1962.

This Court has previously approved the use of indictments to prove the sequence of prior convictions for the purpose of § 12.-42(d). See *Ex parte Salas*, 724 S.W.2d 67 (Tex.Cr.App.1987); *Ex parte Girnus*, 640 S.W.2d 619 (Tex.Cr.App.1982); *Rogers v. State*, 169 Tex.Crim. 239, 333 S.W.2d 383 (1960). When there is a final conviction, the offense alleged in the indictment is presumed to have been committed at some time within the applicable period of limitation before the filing of the indictment. See *Villareal*, supra. It would appear, therefore, that the applicant's testimony regarding the date he was indicted would be sufficient to prove the date of the offense relating to his second prior conviction. Cf. *Bush v. State*, 642 S.W.2d 787 (Tex.Cr.App.1983); *Girnus*, supra. However, for the reasons hereafter stated, we have determined that the applicant is entitled to the relief he seeks.

In *Salas*, supra, we noted that an indictment may be used to show the date of commission of an offense *where the punishment hearing is before the court.* "We presume the trial court is aware of the

statute of limitations in cases before it and, therefore, can utilize this rule." *Id.,* 724 S.W.2d at 68. However, this presumption does not apply where the punishment hearing is before a jury and the jury is not instructed as to the applicable statute of limitations.

In *Stokes v. Procunier,* 744 F.2d 475 (5th Cir.1984), the State attempted to use an indictment to prove the sequence of prior convictions used for enhancement. As in the instant case, the punishment phase of the defendant's trial was before a jury. Finding that there was no evidence that the second felony was committed after the first felony conviction had become final, the Fifth Circuit Court of Appeals stated:

> The Court of Criminal Appeals affirmed [the defendant's] sentence, relying on a presumption that the offense underlying the second conviction was committed within the five-year limitations period preceding the filing of the indictment.... Our difficulty with the presumption employed by the Texas court is that the predicate for the presumption, i.e. the limitation period and the indictment for the [second] conviction, were not before the jury.

*Id.,* 744 F.2d at 483.

■ We adopt the reasoning used in *Stokes,* supra. Where the State relies on the indictment to prove the sequence of convictions for enhancement purposes and the *jury* is the fact finder, then the State must introduce some evidence that the jury was utilizing the statute of limitations in calculating the date of the commission of the offense.

■ In the instant case, the charge to the jury did not contain instructions regarding the statute of limitations for possession of marihuana. Nor did the trial court instruct the jury that they could presume that the applicant's second prior conviction had been committed some time within the applicable period of limitation. Since the jury charge does not indicate that the jury was instructed as to the "statute of limitations method" of calculating the offense date for a prior conviction, we cannot find that the evidence supports the jury's

finding of "true" as to the second enhancement allegation. Cf. *Benson v. State,* 661 S.W.2d 708, 715 (Tex.Cr.App.1983) (on second rehearing) ("The verdict comes from the jury's determination of the evidence in light of the instructions and law given in the charge.")

Relief is granted. The judgment of conviction in Cause No. 82–CR–289–B is ordered set aside, and the applicant is remanded to the custody of the sheriff of Nueces County to answer the indictment in this cause. A copy of this opinion will be forwarded by the Clerk of this Court to the Texas Department of Corrections.

It is so ordered.

ONION, P.J., and W.C. DAVIS, J., dissent.

Before the Court en banc.

### OPINION DENYING THE STATE'S MOTION FOR REHEARING

MILLER, Judge.

The State in its motion for leave to file motion for rehearing maintains that

> "The majority of this Court has erred in remanding this applicant to answer to the indictment in this cause, when the error which the Court has found relates only to the punishment stage of the trial.

> •    •    •    •    •

> ... this cause should be remanded for the punishment phase of the trial only, under the provisions of Article 44.29, Vernon's Ann.C.C.P., as amended September 1, 1987. Acts 1987, 70th Leg., p. 2711, ch. 179."

Art. 44.29(b), V.A.C.C.P., which became effective on August 31, 1987, provides:

> "If the Court of Appeals or the Court of Criminal Appeals awards a new trial to the defendant only on the basis of an error or errors made in the punishment stage of the trial, the cause shall stand as it would have stood in case the new trial had been granted by the court below, *except that the court shall commence the new trial as if a finding of guilt had been returned and proceed to*

*the punishment stage of the trial* under subsection (b), Sec. 2, Art. 37.07, of this Code. If the defendant elects, the court impanel a jury for the sentencing stage of the trial in the same manner as a jury is impaneled by the court for other trials before the court. At the new trial, the court shall allow both the state and the defendant to introduce evidence to show the circumstances of the offense and other evidence as permitted by Sec. 3 of Art. 37.07 of this Code." (emphasis supplied)

In urging their motion, the State makes two assumptions that are, in our view, erroneous.

First, the State assumes that by the words "to answer the indictment" at the end of the Court's opinion, we ordered that the applicant be retried as to guilt. We did not. Neither did we order that he be retried only as to punishment. We simply granted him relief and set aside the previous judgement of conviction, then, just as the opinion says, remanded him to the sheriff to answer the indictment.

Second, the State interprets Art. 44.29(b), supra, to be directed to this Court. It is not. The article plainly is directed at the trial court to take appropriate action in appropriate circumstances. The proper forum to urge the application of the article is the *trial* court.

Only if we were to instruct the trial court in violation of the article, would the State's motion have potential merit. Since we have not instructed the trial court *at all* vis-a-vis Art. 44.29(b), supra, we have not instructed the trial court in violation of Art. 44.29(b).

For these reasons, the State's motion is denied.

ONION, P.J., not participating.