

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0526-15

### THE STATE OF TEXAS

**v.**

### VICTOR MANUEL SCHUNIOR, JR., Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### WEBB COUNTY

MEYERS, J., delivered the opinion of the Court in which KELLER, P.J., and JOHNSON, KEASLER, HERVEY, ALCALA, RICHARDSON, and YEARY, JJ., joined. NEWELL, J., dissented.

### O P I N I O N

On April 17, 2013, Appellee, Victor Manuel Schunior, Jr., was indicted on four counts of aggravated assault with a deadly weapon, all of which arose out of a single incident. According to the indictment, the counts occurred on or around February 19, 2011. Appellee filed a motion to dismiss and a pre-trial application for habeas corpus relief, arguing that the State was barred from prosecution because the statute of limitations for aggravated assault had run.

Finding that the correct statute of limitations for the aggravated assault charged was two

years, the trial court granted Appellee's request for habeas relief and dismissed the indictment with prejudice. The State appealed to the San Antonio Court of Appeals, arguing that Article 12.01(7) of the Texas Code of Criminal Procedure applies a three-year limitation period for aggravated assault. The court of appeals disagreed and affirmed the trial court's order dismissing the indictment. *State v. Schunior*, 467 S.W.3d 79, 81 (Tex. App.—San Antonio Apr. 22, 2015, pet. granted).

The State filed a petition for discretionary review on the following two grounds:

1. Is the limitation period for aggravated assault governed by Article 12.01(7) rather than Article 12.03(d) of the Code of Criminal Procedure?
2. If the limitation period for aggravated assault is governed by Article 12.03(d), does the lesser-included offense with the greater limitation period control when the lesser-included offenses of the aggravated assault include both misdemeanor assault and a felony?

We hold that aggravated assault is governed by Article 12.03(d), not Article 12.01(7), and we hold that the lesser-included offense with the greater limitation period does not control.

**FACTS**

On or about February 19, 2011, Appellee shot a firearm into a vehicle with one person inside the vehicle and two people exiting the vehicle. Appellee, in the same incident, struck another individual over the head with the firearm. More than two years later, Appellee was indicted on four counts of aggravated assault with a deadly weapon arising out of this single incident. Filing a motion to dismiss and a pre-trial application for habeas corpus, Appellee argued that the limitation period for aggravated assault had run. Under Appellee's interpretation of Articles 12.02(b) and 12.03(d) of the Code of Criminal Procedure, the statute of limitations is two years. The State claimed that the correct interpretation yields a three-year limitation period under Article 12.01(7). The trial court ruled that the statute of limitations for aggravated assault

is two years and that the State's prosecution was barred.

## COURT OF APPEALS

On appeal, the State made three alternative arguments. First, it argued that the statutes are unambiguous and may be interpreted according to their plain language, which provides that aggravated assault is addressed by Article 12.01(7). *Schunior*, 467 S.W.3d at 84. Second, the State argued that the statutes are indeed ambiguous, but when the legislature amended 12.03(d) in 1997, there were multiple judicial opinions applying the three-year statute of limitations to aggravated assault. *Id.* In choosing not to change the three-year limitation period, the legislature is presumed to have ratified it. *Id.* Finally, the State argued that the legislature could not have intended the absurd result of having a two-year limitation period for aggravated assault and a three-year limitation period for felony deadly conduct, a lesser-included offense of aggravated assault. *Id.* The State contended that, even if Article 12.03(d) controls, the legislative intent was for the primary crime to be the most severe lesser-included offense of the aggravated offense. *Id.*

The court of appeals held that the catch-all provision of Article 12.01(7) is subject to the more specific provision of Article 12.03(d), making the limitation period for the offense charged two years. *Id.* at 87. The court of appeals disregarded its previous statements regarding a three-year aggravated-assault limitation period as dicta, and it conducted a plain-language interpretation of the statutes. *Id.* The court stated that "the statutes are not ambiguous and may be harmonized to give effect to the entire statutory scheme." *Id*. The court of appeals concluded that Article 12.03(d) specifically applied to aggravated offenses while 12.01(7) applied to all other felonies not otherwise addressed by the statutes. *Id.* According to the court, construing the "except as otherwise provided in this chapter" phrase of Article 12.03(d) as referring to the catch-

all provision of Article 12.01(7) would render 12.03(d) entirely inapplicable. *Id.* The court also pointed out that the introductory phrase of Article 12.01 expressly stated that it is "subject to" Article 12.03. *Id.* at 88. The court of appeals determined that its chosen construction gives effect to every provision in the statutory scheme. *Id.* at 90. The court of appeals also looked to *Fantich v. State*, 420 S.W.3d 287, 290 (Tex. App.—Tyler Dec. 20, 2013, no pet.), which stated that there is no ambiguity in the statutes. The *Fantich* court held that, under a plain-language interpretation of 12.03(d), the primary crime for aggravated assault is assault as defined by Section 22.01 of the Penal Code. *Id.* The court of appeals in the case at bar agreed. *Schunior*, 467 S.W.3d at 88.

## ARGUMENTS OF THE PARTIES

*Appellee's Argument*

Appellee contends that a plain-language construction of Articles 12.01 and 12.03 yields a two-year statute of limitations. According to Appellee, the plain language of Article 12.01 explicitly defers to Article 12.03, making Article 12.01 applicable only when Article 12.03 does not provide a statute of limitations. Appellee states that the statutory language is plain and unambiguous. In the alternative, Appellee also contends that, even if the statutory language is ambiguous, legislative history reveals that a two-year limitation period was intended. Article 12.03(d) was amended in 1997 to include the "Except as otherwise provided by this chapter" language. Since that amendment, the legislature has added the offense of aggravated kidnaping to the list of enumerated offenses in Article 12.01. During the period from 1997 until the present, the legislature could have added aggravated assault but chose not to. Therefore, Appellee argues, the legislature did not intend for aggravated assault to be excluded from 12.03(d). Finally, Appellee contends that a two-year statute of limitations for aggravated assault

is not absurd. Appellee lists a number of instances in which the Texas Code of Criminal Procedure imposes longer limitation periods for non-violent offenses than for violent offenses.

*State's Argument*

The State first asserts that Articles 12.03(d) and 12.01(7) are ambiguous as applied to the offense of aggravated assault. It points to the "except" clauses in both 12.01 and 12.03(d) as evidence that the statutory scheme is ambiguous. The State argues that it is impossible to simultaneously apply both "except" clauses to aggravated assault and that the court of appeals in *Fantich* gave effect to only one of those "except" clauses when it chose to apply 12.03(d). 420 S.W.3d at 290. Next, the State argues that the legislature presumptively ratified this Court's repeated dicta that the limitation period for aggravated assault is three years. The State contends that this Court's dicta gave a sufficiently strong intimation to put the legislature on notice of the court's view. Because the legislature has amended the statute since the dicta in question was issued, the legislature's silence on the subject of aggravated assault indicates that it approved of the three-year limitation period suggested by this Court. Finally, the State asserts that, if 12.03(d) does govern the statute of limitations for aggravated assault, the primary crime should be the lesser-included offense with the greater limitation period. The State argues that the legislature could not have possibly intended a two-year limitation period for aggravated assault. In this case, according to the State, Appellee could be charged with felony deadly conduct, a possible lesser-included offense of aggravated assault. The limitation period for felony deadly conduct, a third-degree felony, is three years. The State contends that it is absurd for the greater offense to have a shorter limitation period than its lesser-included offense.

**CASELAW**

In *Hunter v. State*, the defendant argued that his indictment was defective because it alleged that he knowingly "or" intentionally committed the offense of aggravated assault, rather than alleging that he knowingly "and" intentionally committed the offense. 576 S.W.2d 395, 396 (Tex. Crim. App. 1979). This Court affirmed the defendant's conviction, but we mentioned in an aside that the statute of limitations for aggravated assault was "a period of three years." *Id.* at 399. We cited no authority for the statement and did not further elaborate on it. *Id.*

Eight years later in *Ex parte Salas*, we considered whether the defendant's previous felony convictions satisfied the habitual-offender allegation in his indictment. 724 S.W.2d 67, 68 (Tex. Crim. App. 1987). Regarding the defendant's previous conviction for aggravated assault, this Court simply stated, "The statute of limitations for aggravated assault has long been three years." *Id.* We cited Article 12.01, Article 12.03(d), the assault statute, and the aggravated-assault statute that had existed prior to 1974. *Id.* However, we conducted no analysis as to how these authorities supported the three-year limitation period for aggravated assault. *Id.* Finally, we stated in *Ex parte Matthews* that the statute of limitations for aggravated perjury is two years because the limitation period for misdemeanor perjury controlled under Article 12.03(d). 933 S.W.2d 134, 136 (Tex. Crim. App. 1996).

We determined in *State v. Bennett* that defense counsel was not deficient for failing to contest the defendant's aggravated-assault indictment on statute-of-limitations grounds. 415 S.W.3d 867, 869 (Tex. Crim. App. 2013). We stated that it was unsettled whether the limitation period for aggravated assault was two years, under Article 12.03(d), or three years, under Article 12.01(7), and effective assistance of counsel does not require counsel to act upon an unsettled issue. *Id.* Judges Keller, Johnson, and Cochran filed separate concurring opinions regarding the

statute of limitations for aggravated assault. In her concurrence, Presiding Judge Keller dismissed this Court's previous statements regarding the length of the limitation periods for aggravated assault and aggravated perjury as dicta. *Id.* at 872 (Keller, P.J., concurring).

## ANALYSIS

The statute of limitations for felonies is governed by Chapter 12 of the Texas Code of Criminal Procedure. Article 12.01 sets out limitation periods for explicitly listed felonies and includes a catch-all provision in 12.01(7) for unlisted felonies, which states that unlisted felonies have a three-year statute of limitations.[1] Without making any distinction between felonies and misdemeanors, Article 12.03(d) states, "Except as otherwise provided by this chapter, any offense that bears the title 'aggravated' shall carry the same limitation period as the primary crime." TEX. CODE CRIM. PROC. art. 12.03(d). The vast majority of aggravated felonies have a felony as their corresponding non-aggravated complement, but there are two exceptions–aggravated assault and aggravated perjury can have misdemeanor assault and misdemeanor perjury as their non-aggravated complements. Appellee was charged with aggravated assault with a deadly weapon.

When interpreting statutes, we look to the literal text of the statute in question and attempt "to discern the fair, objective meaning of that text at the time of its enactment." *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). We will ordinarily give effect to the plain meaning of the text. *Id.* In interpreting the literal text of a statute, we must "presume that

---

[1]Art. 12.01. FELONIES. Except as otherwise provided in Article 12.03, felony indictments may be presented within these limits, and not afterward:

...

(7) three years from the commission of the offense: all other felonies.
TEX. CODE CRIM. PROC. art. 12.01.

every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *State v. Hardy*, 963 S.W.2d 516, 520 (Tex. Crim. App. 1997). However, if a plain-language interpretation is ambiguous, or would lead to an absurd result that the legislature could not have intended, then the court may consider extratextual factors. *Boykin*, 818 S.W.2d at 785-86. A statute is ambiguous when it "may be understood by reasonably well-informed persons in two or more different senses." *Bryant v. State*, 391 S.W.3d 86, 92 (Tex. Crim. App. 2012). On the other hand, a statute is unambiguous when it reasonably permits no more than one understanding. *State v. Neesley*, 239 S.W.3d 780, 783 (Tex. Crim. App. 2007).

In *State v. Bennett*, we acknowledged that the statute of limitations for aggravated assault was unsettled. 415 S.W.3d at 869. Previous statements by this Court in dicta supported both two-year and three-year limitation periods–two years in the case of *Matthews* and three years in the cases of *Salas* and *Hunter*. *Id*. Three judges in *Bennett* filed concurring opinions conducting statutory analyses of Articles 12.01(7) and 12.03(d), and these analyses came to different conclusions as to the length of the aggravated-assault limitation period.

In her concurring opinion in *Bennett*, Presiding Judge Keller concluded that the limitation period for the aggravated assault charged was two years. *Id*. at 870 (Keller, P.J., concurring). Judge Keller conducted a plain-language analysis of the statutes prior to the 1997 addition of the "except as otherwise provided" clause to Article 12.03(d). *Id.* at 872. She stated that the language suggests that Article 12.01(7) applies to unlisted felonies unless the offense is covered by one of the provisions of Article 12.03. *Id*. Judge Keller then concluded that the purpose of the 1997 amendment to Article 12.03(d) was to prevent conflict between the newly passed ten-

year limitation period for aggravated sexual assault of a child because the limitation period for the primary crime of sexual assault was only five years. *Id.* at 875. Finally, Judge Keller pointed out that interpreting the catch-all provision of 12.01(7) as superseding 12.03(d) would make every aggravated offense an exception to 12.03(d). *Id.* at 876. There would be no possible application for Article 12.03(d). *Id.*

Judge Johnson, however, concluded that the statute of limitations for the offense in question is three years in her *Bennett* concurrence. *Id.* at 878 (Johnson, J., concurring). She reasoned that applying a plain-language interpretation yields an absurd result, namely "that a serious, violent felony would have the same statute of limitations term as a misdemeanor that may involve merely causing physical contact that another person will regard as offensive or provocative." *Id.* at 879. In a separate concurrence, Judge Cochran agreed that the limitation period for the aggravated assault charged is three years. *Id.* at 881 (Cochran, J., concurring). Judge Cochran analogized an aggravated offense rooted in a misdemeanor to the aggregation of numerous misdemeanor thefts into a single felony offense. *Id.* at 884. The single aggregated felony theft offense invokes the felony statute of limitations. *Id.* Judge Cochran stated that the Legislature could make its intent clear by either changing the name of aggravated assault to felony assault, or by "amending Article 12.03(d) to explicitly note its application to these...felony offenses." *Id.* at 885.

We conclude that "reasonably well-informed persons" interpret the relationship between Articles 12.01(7) and 12.03(d) in different ways and that the statutory scheme reasonably permits more than one understanding. Because a plain-language interpretation of Articles 12.01(7) and 12.03(d) is ambiguous, we may consider extratextual factors, such as legislative history. As

Judge Keller describes in her *Bennett* concurrence, the "except" clause was not added to Article

12.03(d) until 1997. *Id.* at 874 (Keller, P.J., concurring). The source of the ambiguity in

12.01(7) and 12.03(d) is derived from the dueling "except" clauses. Article 12.01 opens with

"Except as otherwise provided in Article 12.03" while Article 12.03(d) begins "Except as

otherwise provided in this chapter." Each except clause appears to give deference to the other.

Prior to 1997, however, there was only a single except clause in this statutory scheme, the

"Except as otherwise provided in Article 12.03." This unambiguously indicated that Article

12.01 was subject to 12.03.

House Bill 921 amended Article 12.03(d) to add the second except clause in 1997. The

enrolled bill summary reads:

> House Bill 921 amends the Code of Criminal Procedure to revise the statute of
> limitations for sexual offenses committed against children. The act would extend
> the statute of limitations to ten years from the victim's 18th birthday for indecency
> with a child involving sexual contact, sexual assault of a child, and aggravated
> sexual assault of a child.[2]

The entire discussion of HB 921 in the House Research Organization bill analysis centered on the

positive and negative consequences of extending the limitation period for sex crimes committed

against children. Bill Analysis, House Comm. on Criminal Jurisprudence, H.B. 921, § 2 (April

9, 1997). There was no mention of any intended effect on any other offense. HB 921 added

indecency with a child, sexual assault of a child, and aggravated sexual assault of a child to the

list of enumerated felony offenses in Article 12.01. *Id.* This demonstrates that the "Except as

otherwise provided in this chapter" clause was simultaneously added to Article 12.03(d) in order

---

[2]An Act Relating to the Statute of Limitations for Certain Sexual Offenses Committed Against Children, H.B. 921, 1997 Sess. (T.X. 1997), http://www.legis.state.tx.us/billlookup/BillSummary.aspx?LegSess=75R&Bill=HB921

to exempt aggravated sexual assault of a child from 12.03(d), given that the offense was now explicitly listed in 12.01. The newly enacted limitation period for aggravated sexual assault of a child would be longer than the period provided by Article 12.03(d). The legislature did not intend for the addition of the "except" clause to push all unlisted aggravated offenses under the Article 12.01(7) catch-all provision.

Legislative intent aside, the court may consider other factors in construing a statute, including the "consequences of a particular construction." TEX. GOV. CODE § 311.023. We agree with Judge Keller's statement in *Bennett* that Article 12.03(d) would have no possible application if 12.01(7) was interpreted to supersede 12.03(d). 415 S.W.3d at 876 (Keller, P.J., concurring). Article 12.01(7) applies a three-year statute of limitations to all felonies not listed in 12.01. If the "Except as otherwise provided in this chapter" referred to 12.01(7), then all aggravated offenses would fall under the "all other felonies" designation in 12.01(7). There would be no purpose for the existence of Article 12.03(d). We will not choose a construction that renders a statutory provision entirely superfluous.

We acknowledge that a consequence of a construction that applies Article 12.03(d) to aggravated assault is that aggravated assault, a felony, may have the same limitation period as misdemeanor assault. While this result may be counterintuitive, we do not find it to be absurd. There is not a perfect correlation between the violence of an offense and the length of its limitation period. There are a number of nonviolent offenses with lengthier limitation periods than violent ones. For instance, robbery, kidnapping, and injury to an elderly or disabled individual all have five-year limitation periods. TEX. CODE CRIM. PROC. art. 12.01(4)(A), (4)(B), (4)(C). Bigamy, credit card abuse, and misapplication of fiduciary property, on the other hand,

have seven-year limitation periods. TEX. CODE CRIM. PROC. art. 12.01(3)(I), (3)(F), (3)(A). The "uttering, using or passing of forged instruments" has a ten-year limitation period. TEX. CODE CRIM. PROC. art. 12.01(2)(C). The legislature considers more than simply the violence of an offense when determining the length of the statute of limitations. Applying the same limitation period for aggravated assault and misdemeanor assault is not an absurd result that the legislature could not have intended.

Finally, we are not convinced by the State's invocation of *Colyandro*. This court stated in *Colyandro* that legislative inaction following a judicial interpretation indicates that the legislature affirmed the interpretation. *State v. Colyandro*, 233 S.W.3d 870, 877 (Tex. Crim. App. 2007). This presumption especially holds true when the legislature has affirmatively acted after the judgment and made no change to the relevant statutory provision. *Id.* at 878. The State argues that the 1997 amendment of Article 12.03(d) was such an affirmative act and that the amendment indicated approval of the *Hunter* and *Salas* dicta. Even assuming that the *Colyandro* presumption applies to dicta, the dicta prior to the 1997 amendment is ambiguous at best. In 1996, the *Ex parte Matthews* dicta applied Article 12.03(d) to aggravated perjury, resulting in a two-year limitation period. 933 S.W.2d at 136. As aggravated perjury is the only other felony with a misdemeanor as its non-aggravated complement, there is no credible reason to treat aggravated perjury and aggravated assault differently for statute-of-limitations purposes. We assume that the legislature would not have presumptively affirmed a muddied set of contradictory dicta. If anything, it makes more sense that the Legislature's 1997 reenactment approved the construction put forth by *Matthews*–that Article 12.03(d) dictates the limitation periods of aggravated perjury and aggravated assault.

Based upon legislative history and the consequences of the various constructions, we hold that the statute of limitations for aggravated assault is governed by Article 12.03(d), not Article 12.01(7). Article 12.03(d) yields a two-year limitation period if the primary crime is misdemeanor assault.

The State's second point of contention is that, even if Article 12.03(d) governs the aggravated-assault limitation period, the statutory primary crime refers to the most serious lesser-included offense. The State's argument is based upon the premise that applying a shorter limitation period for the greater offense than the lesser-included offense is absurd. The State believes that construing the primary crime to mean the lesser-included offense with the lengthiest limitation period, or the most severe offense, would avoid such an absurd result. We conduct a plain-language interpretation of Article 12.03 to determine whether the primary crime of 12.03(d) refers to the most serious lesser-included offense.

When interpreting a statute, we look not only at the single, discrete provision at issue but at other provisions within the whole statutory scheme. *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex. Crim. App. 2012). Article 12.03 of the Code of Criminal Procedure sets out the limitation periods for aggravated offenses, attempt, conspiracy, solicitation, and organized criminal activity. Only 12.03(d) uses the term "primary crime," which the legislature did not define. The determining factors for the limitation periods of attempt and solicitation are the offenses attempted or solicited. The determining factor for criminal conspiracy, however, is "the most serious offense that is the object of the conspiracy." TEX. CODE CRIM. PROC. art. 12.03(b). This is precisely how the State is asking this Court to define primary crime. But if the legislature meant for primary crime to mean "most serious offense," then it would have stated as much, as it

did in the criminal-conspiracy provision of Article 12.03. As a rule of statutory interpretation, "the express mention or enumeration of one person, thing, consequence, or class is tantamount to an exclusion of all others." *Ex parte McIver*, 586 S.W.2d 851, 856 (Tex. Crim. App. [Panel Op.] 1979). The Legislature's express use of the term "primary crime" excludes an interpretation that defines primary crime as the most severe lesser-included offense.

The term "primary crime," in the singular, refers to one particular offense. The offense of aggravated assault, Sec. 22.02, is comprised of two elements–"assault as defined in Sec. 22.01" and an aggravating factor. According to the State's consultation of Merriam-Webster, primary means "most basic or essential." The most basic or essential feature of aggravated assault is the base offense being built upon by the aggravating factor. In the Penal Code, the structure of the aggravated-assault statute indicates that the aggravating factor is ancillary to the base offense. The statute is structured so that "assault as defined in Sec. 22.01" is found in section (a), next to the title of the offense, while the possible aggravating factors are listed underneath in subsections (1)-(2).[3] Furthermore, in the case of aggravated assault, the aggravating factors are interchangeable, but "assault as defined in Sec. 22.01" is necessary to any indictment of the offense. The State asks in its brief whether the assaultive nature of the offense or the use of a

---

[3] There are six aggravated offenses listed in the Texas Penal Code, and five of the aggravated offense statutes are structured in the same manner as the aggravated-assault statute. The statutes for aggravated perjury and aggravated robbery both explicitly mention the statutory provision of their base crime in section (a). TEX. PENAL CODE §§ 37.03, 29.02. The statutes for aggravated sexual assault and aggravated kidnapping do not, but they instead repeat the language of their statutory base crime before listing the possible aggravating factors. TEX. PENAL CODE §§ 22.021, 20.04. This is likely because the limitation periods for certain types of aggravated sexual assault and aggravated kidnapping are explicitly provided for in Article 12.01 of the Code of Criminal Procedure (for instance, aggravated sexual assault of a child). TEX. CODE CRIM. PROC. art. 12.01(1)(B). Aggravated promotion of prostitution is the only aggravated offense with a markedly different statutory structure. TEX. PENAL CODE § 43.04. We express no opinion as to whether Article 12.03(d) of the Code of Criminal Procedure applies to aggravated promotion of prostitution.

gun is more essential to the aggravated assault at bar. The statutory structure demonstrates that the legislature intended for the assaultive nature of the offense to be more essential, as the use of a gun is merely an aggravating factor. Therefore, "assault as defined in Sec. 22.01" of the Penal Code is the primary crime of aggravated assault.

Assault under Section 22.01 may be either a misdemeanor or a felony, depending on the facts alleged. TEX. PENAL CODE § 22.01. It is impossible to categorically declare that the primary crime of aggravated assault is misdemeanor assault. In the case at bar, however, we agree with the court of appeals that "the indictment does not allege any facts that would support felony assault...as the 'primary crime' of the charged aggravated assault." *Schunior*, 467 S.W.3d at 90. Because felony assault was not supported by the facts alleged, the primary crime of Appellee's charged offense falls under misdemeanor assault, yielding a two-year statute of limitations under Article 12.03(d).

## CONCLUSION

For the foregoing reasons, we hold that the limitation period for aggravated assault is governed by Article 12.03(d) of the Code of Criminal Procedure. Accordingly, we also conclude that the lesser-included offense with the greater limitation period does not control when the lesser-included offenses of the aggravated assault include both misdemeanor assault and a felony. We affirm the decision of the court of appeals.

Meyers, J.

Delivered: November 2, 2016

Publish