# NO. 12-13-00011-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARC FANTICH,*<br>*APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

## *OPINION*

Marc Fantich appeals from the trial court's denial of his pretrial application for writ of habeas corpus. In two issues, he contends that his indictment for conspiracy to commit aggravated assault is barred by the statute of limitation. We reverse and dismiss the indictment.

## BACKGROUND

On June 14, 2012, a Van Zandt County grand jury indicted Appellant for the offense of criminal conspiracy to commit aggravated assault. The indictment alleged that the offense was committed on or about October 1, 2009—more than two years before the indictment was filed.

Appellant filed a motion to set aside the indictment, contending that the limitation period for the offense had run. The trial court denied Appellant's motion and ruled that the limitation period for criminal conspiracy to commit aggravated assault is three years.

Appellant filed an application for a pretrial writ of habeas corpus based on the running of the limitation period, which the trial court also denied.[1] This appeal followed.

---

[1] A pretrial writ of habeas corpus may be used to challenge the jurisdiction of the court if the face of the indictment shows that prosecution is barred by the statute of limitations. ***Ex parte Smith***, 178 S.W.3d 797, 802 (Tex. Crim. App. 2005).

Both parties agreed at oral argument that this is a case of statutory construction. The dispute is whether the limitation period for the offense of aggravated assault is two or three years. *See* TEX. CODE CRIM. PROC. ANN. art. 12.03(b) (West 2005) (limitation for conspiracy is same as object of conspiracy).

Appellant raises two issues: (1) whether application of articles 12.03(b) and (d) of the Texas Code of Criminal Procedure to the offense of conspiracy to commit aggravated assault warrants application of the two-year period of limitation for the "primary" crime of assault, and (2) whether, in determining the statute of limitation for the offense of conspiracy to commit aggravated assault, the rules of statutory construction warrant application of articles 12.03(b), 12.03(d), and 12.02(a). The State contends that the court of criminal appeals, this court, and other courts have stated that the limitation period for aggravated assault is three years.

## Applicable Law for Interpreting Statutes

Statutory construction is a question of law subject to de novo review. *See* ***Krause v. State***, 405 S.W.3d 82, 85 (Tex. Crim. App. 2013). When interpreting the meaning of a statute, the courts seek to effectuate the collective intent of the legislators who enacted the legislation. *Id.*; ***Clinton v. State***, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011) (citing ***Boykin v. State***, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). To determine collective intent, we look first to the literal text, which provides the best means to determine the fair, objective meaning of that text at the time of its enactment. ***Clinton***, 354 S.W.3d at 800.

Unless the statutory language is ambiguous or application of the statute's plain meaning would cause an absurd result, we do not consider extratextual factors. *See **id.*** We determine a statute's plain meaning by applying the canons of construction, which include a list of presumptions regarding legislative intent. ***Id.*** (citations omitted); *see also* TEX. GOV'T CODE ANN. § 311.021 (West 2013). It is presumed that (1) compliance with the constitutions of this state and the United States is intended; (2) the entire statute is intended to be effective; (3) a just and reasonable result is intended; (4) a result feasible of execution is intended; and (5) public interest is favored over any private interest. ***Id.*** § 311.021; ***Clinton***, 354 S.W.3d at 800.

## The Statutes

Article 12.01 of the code of criminal procedure is the primary statute for determining the limitation period for felony indictments. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01 (West

Supp. 2013). Article 12.01 begins by stating, "Except as provided in Article 12.03," and categorizes the limitation period for felony offenses, which ranges from "no limitation" to three years. *See id.* Subsections (1) through (6) set the limitation period for specific felony offenses. *See id.* art. 12.01(1)-(6). Subsection (7) provides that the limitation period for "all other felonies" is "three years from the date of the commission of the offense." *See id.* art. 12.01(7). Aggravated assault is not enumerated in subsections (1) through (6), but this does not automatically trigger application of subsection (7) because of the statute's prior reference to article 12.03 of the code of criminal procedure. *See id.*

Article 12.03 provides the framework for determining the limitation period for attempt, conspiracy, solicitation, organized criminal activity, and aggravated offenses not enumerated in article 12.01. *See* TEX. CODE CRIM. PROC. ANN. art. 12.03. The limitation period for criminal conspiracy is the same as that of the most serious offense that is the object of the conspiracy. *Id.* art. 12.03(b). In this case, the object of the conspiracy is aggravated assault.[2]

Article 12.03(d) provides that "[e]xcept as otherwise provided by this chapter, any offense that bears the title 'aggravated' shall carry the same limitation period as the primary crime." *Id.* art. 12.03(d). Because aggravated assault is not enumerated in article 12.01, we apply the language in article 12.03(d) to determine the limitation period for the offense alleged in this case. *See id.* arts. 12.01, 12.03(d).

For aggravated assault, the primary crime is assault, which is defined in section 22.01 of the penal code. *See* TEX. PENAL CODE ANN. § 22.02(a) (West 2011), § 22.01 (West Supp. 2013). Section 22.01 groups assaults by the nature of the conduct and victim involved, resulting in two classifications—misdemeanor assaults and felony assaults. *See generally id.* § 22.01(b), (b-1), (c). If an assault under section 22.01 is classified as a misdemeanor, the limitation period is two years. *See* TEX. CRIM. PROC. ANN. art. 12.02(a) (West Supp. 2013). But if an assault is classified as a felony under section 22.01, the limitation period is three years. *See id.* arts. 12.01(7), 12.03(d).

Articles 12.01 and 12.03 of the code of criminal procedure are not ambiguous. Therefore, we apply their plain meaning to determine the limitation period for the offense of

---

[2] Both parties agree that the object of the conspiracy in this case is aggravated assault. A person commits aggravated assault if he "commits assault as defined in [Section 22.01 of the penal code] and the person: (1) causes serious bodily injury to another, including the person's spouse; or (2) uses or exhibits a deadly weapon during the commission of the assault." TEX. PENAL CODE ANN. § 22.02(a) (West 2011).

criminal conspiracy to commit aggravated assault as alleged in this case. *See **Clinton***, 354 S.W.3d at 800.

## Applying Plain Meaning

We begin our analysis by first reviewing the allegations in the indictment, which provides, in relevant part, as follows:

> [O]n or about October 1, 2009, and before the presentment of this indictment . . . [Appellant] did then and there with intent that aggravated assault, a felony, be committed against Malcom Chakery, agree with Chris Sivestro Fantich that they or one of them would engage in conduct that would constitute said offense, to-wit: *causing bodily injury to Malcom Chakery requiring hospitalization by striking with a ball bat or cutting him with a razor or striking him with a pool stick*, and the Defendant or Chris Sivestro Fantich performed an overt act in pursuance of said agreement, to-wit: offering to pay Chance Lee Jenkins or a Confidential Human Source to travel to Grand Prairie, Texas, the city in which Malcom Chakery lived, to commit said assault and by such offer caused Chance Lee Jenkins and a Confidential Human Source to travel to Grand Prairie, Texas, the city in which Malcom Chakery lived, while in possession of a pool stick. . . .

(emphasis added). The language of the indictment shows that the object of the criminal conspiracy is aggravated assault. *See* TEX. CODE CRIM. PROC. ANN. art. 12.03(b). The italicized portion of the indictment alleges aggravated assault because it alleges bodily injury requiring hospitalization and the use of a deadly weapon. *See* TEX. PENAL CODE ANN. § 22.02(a). But either misdemeanor or felony assault can be the "primary crime" for aggravated assault. *See* TEX. CODE CRIM. PROC. ANN. art. 12.03(d); TEX. PENAL CODE ANN. §§ 22.01(a), (b), (b-1), (c), 22.02(a).

The allegations in the indictment are consistent with the definition of aggravated assault as set forth in section 22.02(a) and assault as set forth in section 22.01(a)(1) of the penal code. Section 22.01(a)(1) states that a person commits an offense if he "intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse. . . ." *See* TEX. PENAL CODE ANN. § 22.01(a)(1). The indictment does not allege any other facts that would render the primary crime in this case a felony assault under section 22.01. *See generally id.* § 22.01(b), (b-1).[3] Thus, the primary crime of the aggravated assault in this case is Class A misdemeanor assault. *See id.* § 22.01(a)(1), (b); *see also* TEX. CODE CRIM. PROC. ANN. art. 12.03(d).

---

[3] An assault under section 22.01 is a felony if committed against certain types of victims. *See, e.g.,* TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2013) (third degree felony if committed against public servant

Because the primary crime of the aggravated assault in this case is a misdemeanor, the limitation period for the aggravated assault alleged in the indictment is two years. *See id*. arts. 12.02(a); 12.03(d). As a result, the limitation period for the offense of criminal conspiracy to commit aggravated assault as alleged in this case is also two years. *See id*. art. 12.03(b).

**Not an Absurd Result**

A court may consider extratextual factors if application of a statute's plain meaning would cause an absurd result. *See **Clinton***, 354 S.W.3d at 800. But our application and interpretation of article 12.03 does not cause an absurd result. Other appellate courts have applied article 12.03 in relation to article 12.01 and also determined that the limitation period is two years because the primary crime of the aggravated offense was a misdemeanor. *See **Ex parte Matthews***, 933 S.W.2d 134, 136 (Tex. Crim. App. 1996), *overruled on other grounds by **Proctor v. State***, 967 S.W.2d 840 (Tex. Crim. App. 1998); ***Compton v. State***, 202 S.W.3d 416, 420 (Tex. App.—Tyler 2006, no pet.); ***Ex parte Tamez***, 4 S.W.3d 854, 856 (Tex. App.—Houston [1st Dist.] 1999), *aff'd*, 38 S.W.3d 159 (Tex. Crim. App. 2001); ***Ex parte Zain***, 940 S.W.2d 253, 254 (Tex. App.—San Antonio 1997, no pet.).

In ***Ex parte Matthews***, the defendant was indicted for aggravated perjury almost ten years after the alleged offense date. 933 S.W.2d at 135.[4] In a pretrial habeas application, Matthews challenged the indictment by claiming that prosecution was barred because the limitation period had run. *Id*. at 136. The State contended limitation was tolled. *Id*. The court of criminal appeals cited articles 12.01, 12.02, and 12.03 of the code of criminal procedure, stated that the limitation period for aggravated perjury is two years, and concluded that prosecution was barred because the statute of limitation was not tolled. *Id*. at 136, 138.

In ***Compton v. State***, the defendant raised ineffective assistance of counsel on appeal. 202 S.W.3d at 418-19. Compton was convicted of aggravated perjury under an indictment that was returned more than two years after the alleged offense date. *Id*. His trial counsel did not challenge the indictment on limitation grounds because he assumed the three year limitation period "for all other felonies" applied to aggravated perjury. *Id*. at 419. This court noted that

---

lawfully discharging official duty or in retaliation or on account of exercise of official power or duty); *id*. § 22.01(b)(2) (West Supp. 2013) (committed against a victim described in sections 71.0021(b), 71.003, or 71.005 of the family code pertaining to dating and family violence); *id*. § 22.01(b)(4) (committed against a person the actor knows is security officer while officer is performing duty security officer).

[4] Aggravated perjury is a third degree felony. *See* TEX. PENAL CODE ANN. § 37.03(b) (West 2011).

"[a]ggravated perjury is one of perhaps only two offenses whose limitation period is not governed by the three year residuary felony limitation period" found in article 12.03(d) of the code of criminal procedure. *Id.* at 422 (citations omitted). We also recognized that several other courts have held that the limitation period for aggravated perjury is two years, and held that trial counsel was ineffective. *Id.* at 422-23.

In *Ex parte Tamez* and *Ex parte Zain*, two other courts of appeals held that the limitation period for aggravated perjury is two years—the same as misdemeanor perjury. *See Ex parte Tamez*, 4 S.W.3d at 856; *Ex parte Zain*, 940 S.W.2d at 254.

We are unaware of any published authority applying article 12.03 to determine the limitation period for aggravated assault. *But see Moore v. State*, No. 07-10-00369-CR, 2012 WL 3100904, at *1 (Tex. App.—Amarillo July 31, 2012, no pet.) (mem. op., not designated for publication) (holding that limitation period for misdemeanor assault and aggravated assault is two years). However, there are cases supporting the State's contention that the limitation period for aggravated assault is three years. *See Ex parte Salas*, 724 S.W.2d 67, 68 (Tex. Crim. App. 1987); *Hunter v. State*, 576 S.W.2d 395, 399 (Tex. Crim. App. 1979); *State v. Bennett*, No. 05-11-00252-CR, 2012 WL 11181, at *3 (Tex. App.—Dallas Jan. 4, 2012, pet. granted) (mem. op., not designated for publication), *aff'd on other grounds*, No. PD-0354-12, 2013 WL 6182434 (Tex. Crim. App. Nov. 27, 2013); *Lenox v. State*, Nos. 05-10-00618-CR, 05-10-00619-CR, 2011 WL 3480973, at *7 (Tex. App.—Dallas Aug. 9, 2011, pet. ref'd) (mem. op., not designated for publication); *Loredo v. State*, No. 12-06-00287-CR, 2007 WL 2380346, at *1 (Tex. App.—Tyler Aug. 22, 2007, no pet.) (mem. op., not designated for publication); *Peacock v. State*, 690 S.W.2d 613, 616 (Tex. App.—Tyler 1985, no pet.). With the exception of *Hunter*, the courts in these cases rely on the catchall provision contained in subsection (7) of article 12.01.

## Aggravated Assault as "All other Felonies"

On two occasions, the court of criminal appeals has stated that aggravated assault has a three year limitation period. *See Ex parte Salas*, 724 S.W.2d at 68; *Hunter*, 576 S.W.2d at 399.

In *Hunter v. State*, the defendant contended that the indictment was defective because it used disjunctive language to allege his mental culpability. *See id.* at 396. In rejecting his argument, the court stated that prohibiting the use of disjunctive language to allege the mental state in an indictment was a "hyper-technical rule" that no longer had a place in the pleading of cases in the twentieth century. *Id.* at 399. The court explained its rationale, in part, by referring

to the "on or about" language used to allege offense dates. *Id.* The court reasoned that this type of pleading provided sufficient notice because it showed that the State would have to prove that the offense occurred before the filing of the indictment and within the limitation period, which was three years because the defendant was charged with aggravated assault. *See id.* The court did not rely on other authority for its statement that the limitation period was three years. *See id.*

In *Ex parte Salas*, the defendant challenged the sufficiency of the evidence used to prove that the subsequent prior convictions alleged for enhancement were committed after his first prior conviction became final. 724 S.W.2d at 67-68. The State introduced the indictment for each subsequent offense to prove when they occurred. *Id.* at 68. Among the subsequent offenses alleged was aggravated assault. *Id.* The court presumed the subsequent offenses were committed "some[]time within the period of limitation prior to the filing of the indictment," and stated that the limitation period "for aggravated assault has long been three years." *Id.* The court cited what are now articles 12.01(7) and 12.03 of the code of criminal procedure, and section 22.01 of the penal code as support, but did not address the construction of the statutes. *See id.*

This court has also stated that the limitation period for aggravated assault is three years. *See Loredo*, 2007 WL 2380346, at *1; *Peacock*, 690 S.W.2d at 616.

In *Peacock v. State*, the defendant made a challenge similar to that addressed in *Salas*. *See Peacock*, 690 S.W.2d at 616; *see also Ex parte Salas* 724 S.W.2d at 67-68. As in *Salas*, the subsequent prior conviction was aggravated assault. *See Peacock*, 690 S.W.2d at 616. This court assumed the offense was committed within the limitation period, which we stated was three years. *See id.* We cited what is now known as article 12.01(7), but made no reference to article 12.03, which was in effect at the time. *See id.*; *see also* TEX. CODE CRIM. PROC. ANN. art. 12.03.

In *Loredo v. State*, the defendant was indicted for aggravated assault five years after the alleged offense date. *Loredo*, 2007 WL 2380346, at *1. He contended that the statute of limitation barred prosecution and that the issue should have been submitted to the jury. *Id.*at *1-2. We affirmed his conviction, stating that although the limitation period for aggravated assault was three years, it had been tolled. *Id.* at *1, 3-4. As in *Peacock*, our opinion in *Loredo* cited only what is now article 12.01(7) to support our statement that the limitation period was three years. *See id.* at *1; *Peacock*, 690 S.W.2d at 616.

**Conclusion**

The above discussion illustrates the reasons for the State's admitted difficulty in determining whether Appellant's prosecution for criminal conspiracy to commit aggravated assault is barred by the statute of limitation. We conclude, however, that the more persuasive authority and rationale is found in *Ex parte Matthews*, *Compton v. State*, *Ex parte Tamez*, and *Ex parte Zain*. This line of authority gives full effect to articles 12.01 and 12.03, recognizes the interplay between them, applies their plain meaning, and confirms our conclusion that a two year limitation period for an aggravated offense with a misdemeanor as its primary crime does not cause an absurd result. *See* TEX. GOV'T CODE ANN. § 311.021(2); *Krause*, 405 S.W.3d at 85; *Clinton*, 354 S.W.3d at 800; *see generally*, *Ex parte Matthews*, 933 S.W.2d 134; *Compton*, 202 S.W.3d 416; *Ex parte Tamez*, 4 S.W.3d 854; *Ex parte Zain*, 940 S.W.2d 253.

Based on this authority, we hold that the limitation period for the offense of criminal conspiracy to commit aggravated assault in this case is two years. *See* TEX. CODE CRIM. PROC. ANN. arts. 12.01, 12.02(a), 12.03(b), (d); TEX. PENAL CODE ANN. §§ 22.01(a)(1), (b), 22.02(a). Accordingly, we sustain Appellant's first and second issues.

**DISPOSITION**

Having sustained Appellant's first and second issues, we *reverse* the trial court's denial of Appellant's application for writ of habeas corpus and *dismiss* the indictment. *See* TEX. R. APP. P. 43.2(c).

**SAM GRIFFITH**
Justice

Opinion delivered December 20, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 20, 2013**

**NO. 12-13-00011-CR**

**MARC FANTICH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. CR12-00155)

THIS CAUSE came on to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this Court that there was error in the trial court's denial of Appellant's application for writ of habeas corpus.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's denial of Appellant's application for writ of habeas corpus is **reversed**, the indictment is **dismissed**, and that the decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*