ACCEPTED
12-15-00183-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/24/2015 11:32:00 AM
CATHY LUSK
CLERK

**NO. 12-15-00183-CR**

IN THE COURT OF APPEALS FOR

THE TWELFTH SUPREME JUDICIAL

DISTRICT OF TEXAS

AT TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
8/24/2015 11:32:00 AM
CATHY S. LUSK
Clerk

---

**FREDERICK DESHUN LEE v. THE STATE OF TEXAS**

---

Appeal from Cause Number 31727 (Counts I and II)
3rd Judicial District Court of Anderson County
Hon. Pam Foster Fletcher, Judge Presiding

---

**APPELLANT'S BRIEF**

---

STATE COUNSEL FOR OFFENDERS
APPELLATE SECTION

Nicholas Mensch
State Bar of Texas No. 24070262
P.O. Box 4005
Huntsville, Texas 77342-4005
(936) 437-5252
(936) 437-5279 (fax)
nicholas.mensch@tdcj.texas.gov

Attorney for Appellant

**ORAL ARGUMENT NOT REQUESTED**

# IDENTITY OF PARTIES AND COUNSEL

**APPELLANT:**
Frederick Deshun Lee, TDCJ# 1645475

**TRIAL AND APPELLATE COUNSEL:**
Nicholas Mensch
State Bar of Texas No. 24070262
State Counsel for Offenders
P.O. Box 4005; Huntsville, Texas 77340
(936) 437-5252/(936) 437-5279 fax

**APPELLEE:**
THE STATE OF TEXAS

**TRIAL COUNSEL:**
Cindy Garner
State Bar of Texas No. 07673100
Special Prosecution Unit
904 E. Market St.
Palestine, TX 758001
(903) 723-0805/(903) 723-1469 fax

**APPELLATE COUNSEL:**
Melinda Mayo Fletcher
State Bar of Texas No. 18403630
Special Prosecution Unit
P.O. Box 1744; Amarillo, Texas 79105
(806) 367-9407/(866) 923-9253 fax

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ................................................................... ii

INDEX OF AUTHORITIES ........................................................................... iii

STATEMENT OF THE CASE .............................................................................2

STATEMENT REGARDING ORAL ARGUMENT ................................................2

ISSUE PRESENTED .........................................................................................2

    Whether the trial court erred by refusing to set aside both counts of the indictment because the statute of limitations for aggravated assault on a public servant had run? ....................................................................... 4

STATEMENT OF FACTS ...................................................................................3

SUMMARY OF THE ARGUMENT ....................................................................4

ARGUMENT .....................................................................................................4

PRAYER ..........................................................................................................11

CERTIFICATE OF SERVICE ...........................................................................12

CERTIFICATE OF COMPLIANCE ...................................................................12

# INDEX OF AUTHORITIES

**Cases**

*Boykin v. State*,
     818 S.W.2d 782 (Tex. Crim. App. 1991) .......................................................7

*Clinton v. State*,
     354 S.W.3d  (Tex. Crim. App. 2011) .........................................................7

*Ex parte Keller*
     173 S.W.3d 492 (Tex. Crim. App. 2005) .....................................................7

*Ex parte Rieck*,
     144 S.W.3d 510 (Tex. Crim. App. 2004) .....................................................7

*Fantich v. State*,
     420 S.W.3d 287 (Tex. App.—Tyler 2013, no pet.) ............................... 4, 5, 6

*Gallardo v. State*,
     768 S.W.2d 875 (Tex. App.—San Antonio 1989. pet. ref'd) ........................5

*Henson v. State*,
     No. 05-97-01894-CR, 2000 Tex. App. LEXIS 5273 (Tex. App.—Dallas
     2000, pet. ref'd) ...........................................................................................8

*Hernandez v. State*,
     127 S.W.3d 768 (Tex. Crim. App. 2004) .....................................................5

*Rushing v. State*,
     353 S.W.3d 863 (Tex. Crim. App. 2011) .....................................................7

*State v. Bennett*,
     415 S.W.3d 867 (Tex. Crim. App. 2013) .....................................................8

*State v. Schunior*,
     No. 04-14-00347-CR, 2015 Tex. App. LEXIS 3898 (Tex. App.—San
     Antonio 2015, pet. filed) ............................................................................ 4-5

*Vasquez v. State*,
     557 S.W.2d 779 (Tex. Crim. App. 1977) .....................................................5

*White v. State*,
     61 S.W.3d 424 (Tex. Crim. App. 2001) ....................................................... 6-7

**Statutes**

Texas Code of Criminal Procedure art. 12.01(7) ....................................................5

Texas Code of Criminal Procedure art. 12.02(a) ..................................................10

Texas Code of Criminal Procedure art. 12.03(d) ............................................. *passim*

Texas Code of Criminal Procedure art. 21.02(6) ...................................................5

Texas Government Code § 311.011(a) ...................................................................7

Texas Government Code § 311.011(b) ...................................................................7

Texas Government Code § 311.021 .......................................................................7

Texas Penal Code § 22.01(a) .......................................................................... 6, 10

Texas Penal Code § 22.01(b) .................................................................................6

Texas Penal Code § 22.02 ................................................................................ 6, 10

**Treatises**

Dix and Schmolesky, 40 TEX. PRAC. SERIES § 6:1 (3ʳᵈ ed. 2011) .............................5

MERRIAM-WEBSTER COLLEGIATE DICTIONARY (11ᵗʰ ed.) .........................................9

NO. 12-15-00183-CR

IN THE COURT OF APPEALS FOR

THE TWELTH SUPREME JUDICIAL

DISTRICT OF TEXAS

AT TYLER, TEXAS

---

**FREDERICK DESHUN LEE v. THE STATE OF TEXAS**

---

Appeal from Cause Number 31727 (Counts I and II)
3rd Judicial District Court of Anderson County
Hon. Pam Foster Fletcher, Judge Presiding

---

**APPELLANT'S BRIEF**

---

**TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:**

COMES NOW FREDERICK DESHUN LEE, Appellant in cause number 12-15-00183-CR, and submits this brief in accordance with the Texas Rules of Appellate Procedure and in support of his request for reversal of the trial court's final judgment.

1

## STATEMENT OF THE CASE

On April 24, 2014 an Anderson County grand jury returned an indictment charging Appellant with two counts of Aggravated Assault of a Public Servant alleged to have occurred on or about February 29, 2012. (C.R. at 6-7). On June 5, 2015, Appellant pled guilty to both counts as charged in the indictment pursuant to a plea bargain agreement and the trial court assessed his punishment at 17 years' confinement in the Texas Department of Criminal Justice ("TDCJ") for each count. (3 R.R. at 21, C.R. at 99-109). The trial court certified that this criminal case "is a plea bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal." (C.R. at 102). No Motion for New Trial was filed. Thereafter, on July 2, 2015, Appellant timely filed his notice of appeal for each count. (C.R. at 125-128).

## STATEMENT REGARDING ORAL ARGUMENT

Appellant waives oral argument.

## ISSUE PRESENTED

Whether the trial court erred by refusing to set aside both counts of the indictment because the statute of limitations for aggravated assault on a public servant had run?

## STATEMENT OF FACTS

On April 24, 2014 an Anderson County grand jury returned an indictment charging Appellant with two counts of Aggravated Assault of a Public Servant under Tex. Pen. Code § 22.02 alleged to have occurred on or about February 29, 2012. (C.R. at 6-7). Specifically, the indictment alleged that on or about February 29, 2012, in Anderson County, Texas, Appellant:

(Count One): intentionally, knowingly, or recklessly cause bodily injury to Thomas Lobasso by stabbing him in the hand and/or wrist, and the defendant did then and there use or exhibit a deadly weapon, to wit: a sharp metal object, during the commission of said assault, and the defendant did then and there know that the said Thomas Lobasso was then and there a public servant, to-wit: an employee of the Texas Department of Criminal Justice, and that the said Thomas Lobasso was then and there lawfully discharging an official duty, to wit: supervising individuals in the custody of the Texas Department of Criminal Justice.

(Count Two): intentionally, knowingly, or recklessly cause bodily injury to Derek Wooldridge by stabbing him in the arm, and the defendant did then and there use or exhibit a deadly weapon, to wit: a sharp metal object, during the commission of said assault, and the defendant did then and there know that the said Derek Wooldridge was then and there a public servant, to-wit: an employee of the Texas Department of Criminal Justice, and that the said Derek Wooldridge was then and there lawfully discharging an official duty, to wit: supervising individuals in the custody of the Texas Department of Criminal Justice.

On March 31, 2015, the trial court heard Appellant's Motion to Set Aside the Indictment in this case that alleged that the applicable statute of limitations in the case was two years. (2 R.R. at 7-10, C.R. at 74-76) After hearing arguments

3

from both the Appellant and the State, the trial court denied the motion. (2 R.R. at 10). Thereafter, on June 5, 2015, Appellant pled guilty to both counts as charged in the indictment pursuant to a plea bargain agreement and the trial court assessed his punishment at 17 years' confinement in the Texas Department of Criminal Justice ("TDCJ") for each count. (3 R.R. at 21, C.R. at 99-109).

## SUMMARY OF THE ARGUMENT

This Court should, at least in part, reconsider its decision in *Fantich v. State*, 420 S.W.3d 287 (Tex. App—Tyler, 2013, no pet.), as to what constitutes a "primary offense." Simply construing the primary offense of assault by simply looking whether the assault, minus the term aggravated, is still a felony does not answer the question of what is the primary offense. By using the common definition of "primary", (most important[,] most basic or essential,[or] happening or coming first[.]), Appellant contends that the "primary offense" in this case is misdemeanor assault. Thus, the applicable statute of limitations is two years.

## ARGUMENT

**Whether the trial court erred by refusing to set aside both counts of the indictment because the statute of limitations for aggravated assault on a public servant had run?**

"The purpose of a statute of limitations in the criminal context is to protect the accused from having to defend against stale criminal charges and to prevent punishment for acts committed in the remote past." *State v. Schunior*, No. 04-14-

4

00347-CR, 2015 Tex. App. LEXIS 3989 at ** 3 (Tex. App.—San Antonio 2015, pet. filed) (designated for publication), citing to Dix and Schmolesky, 40 TEX. PRAC. SERIES § 6:1 (3rd ed. 2011) and *Hernandez v. State*, 127 S.W.3d 768, 772 (Tex. Crim. App. 2004). "A statute of limitations is construed strictly against the State and liberally in favor of the defendant." *Schunior*, 2015 Tex. App. LEXIS 3989 at ** 3, citing to *Gallardo v. State*, 768 S.W. 2d 875, 880 (Tex. App.—San Antonio 1989, pet. ref'd). In other words, the burden of proof is on the State to show that the offense alleged was committed prior indictment and within the applicable statute of limitations. *Vasquez v. State*, 557 S.W.2d 779 (Tex. Crim. App. 1977). The indictment must show on its face that the prosecution is not barred by limitations. Tex. Code of Crim. Proc. Art. 21.02(6).

This Court has examined the issue of what is the statute of limitations for aggravated assault in *Fantich v. Texas*, 420 S.W.3d 287 (Tex. App.—Tyler 2013, no pet.). Specifically, this Court analyzed the question of "whether the limitation period for the offense of aggravated assault is two or three years." *Id.* at 288-289. This Court answered this question by examining Tex. Code of Crim. Proc. Art. 12.01(7) and 12.03(d). *Id.* at 290. Finding no ambiguity, this Court stated "[f]or aggravated assault, the primary crime is assault which is defined in *section 22.01 of the penal code.*" *Id.* Finally, this Court held that because Section 22.01 has different classifications, misdemeanors and felony assaults, the applicable statute

of limitations depends on what classification the assault is. *Id*. If it is a felony assault, then the statute of limitations is three years. *Id.*, see also Tex. Pen. Code § 22.01(b). If it is a misdemeanor assault, then the applicable statute of limitations is two years. *Id.*, see also Tex. Pen. Code 22.01(a). According to this Court, "either misdemeanor or felony assault can be the 'primary crime' for aggravated assault. *Id*.

On April 24, 2014 an Anderson County grand jury returned an indictment charging Appellant with two counts of aggravated assault of a public servant under Tex. Pen. Code § 22.02 alleged to have occurred on or about February 29, 2012. (C.R. at 6-7). Under this Court's analysis in *Fantich*, it would appear Appellant is out of luck with his statute of limitations claim as under *Fantich*, the primary offense would be the felony assault of a public servant. Tex. Pen. Code § 22.01(b). Appellant, however, disagrees with this Courts determination of what constitutes a "primary offense" under Tex. Code of Crim. Proc. Art. 12.03(d) and contends in this case, the primary offense is still misdemeanor assault under Tex. Pen. Code § 22.01(a). Thus, the statute of limitations for aggravated assault of a public servant should be two years.

"[C]ourts are required to construe a statute in accordance with the plain meaning of its literal text unless the language of the statue is ambiguous or the plain meaning leads to an absurd result." *White v. State,* 61 S.W.3d 424, 428 (Tex.

Crim. App. 2001), citing *Boykin v. State,* 818 S.W.2d 782 (Tex. Crim. App. 1991). "To determine the plain meaning of a statute, [a court applies] the canons of construction." *Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011), citing to *Rushing v. State*, 353 S.W.3d 863, 865 (Tex. Crim. App. 2011).[1] A Court looks at the "collective' intent or purpose of the legislators who enacted the legislation." *Id*., citing *Boykin*, 818 S.W.2d at 785. "Words or phrases shall be read in context and construed according to the rule of grammar and common usage." Tex. Gov't Code § 311.011(a). "Moreover, 'words or phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.'" *Ex parte Keller*, 173 S.W.3d 492, 499 (Tex. Crim. App. 2005) (Keller, P.J., dissenting), citing to *Ex parte Rieck*, 144 S.W.3d 510, 512 (Tex. Crim. App. 2004) and Tex. Gov't Code § 311.011(b). "When determining the fair, objective meaning of an undefined statutory term, [a] Court may consult standard dictionaries." *Id*. Tex. Code of Crim. Proc. Art. 12.03(d) provides:

> Except as otherwise provided by this chapter, any offense that bears the title "aggravated" shall carry the same limitation period as the primary crime.

---

[1]   See Tex. Gov't Code § 311.021. "In enacting a statute, it is presumed that: (1) compliance with the constitution of this state and the United States is intended; (2) the entire statute is intended to be effective; (3) a just and reasonable result is intended; (4) a result of feasible execution is intended; and (5) public interest is favored over any private interest."

The term "primary crime" is not defined by Tex. Code of Crim. Proc. Art. 12.03(d). Appellant contends that "primary crime" cannot simply refer to whatever offense matches the title of the instant offense minus the word "aggravated," or even if the assault minus the term aggravated is a felony or misdemeanor, not only because the statute nowhere so states, but also because there exists at least one offense with no such primary crime – aggravated promotion of prostitution. For example, though titled "aggravated" in conformity with the requirements of Tex. Code of Crim. Proc. Art. 12.03(d), the aggravated promotion of prostitution does not explicitly incorporate the crime of promotion of prostitution by its Penal Code section." *State v. Bennett*, 415 S.W.3d 867, 873, n. 42 (Tex. Crim. App. 2013) (Keller, P.J., concurring). Thus, it is uncertain what "primary crime" means as to that offense. *Id*. Since there are zero primary crimes, that offense is not controlled by Tex. Code of Crim. Proc. Art. 12.03(d). *Henson v. State*, No. 05-97-01894-CR, 2000 Tex. App. LEXIS 5273 (Tex. App.—Dallas 2000, pet. ref'd) (not designated for publication). Based on this example, determining the applicable statute of limitations based on whether the assault, minus the term aggravated, is a felony or misdemeanor, or if it is an aggravated form, does not appear to settle what exactly the "primary crime" is.

Again, the term "primary crime" is not defined by Tex. Code of Crim. Proc. Art. 12.03(d). "Primary," as in "primary crime," could mean "most important[,]

most basic or essential,[or] happening or coming first[.]" MERRIAM-WEBSTER COLLEGIATE DICTIONARY (11th ed.).[2]  In this case, the two counts of the indictment provided:

> (Count One): **intentionally, knowingly, or recklessly cause bodily injury to Thomas Lobasso by stabbing him in the hand and/or wrist**, and the defendant did then and there use or exhibit a deadly weapon, to wit: a sharp metal object, during the commission of said assault, and the defendant did then and there know that the said Thomas Lobasso was then and there a public servant, to-wit: an employee of the Texas Department of Criminal Justice, and that the said Thomas Lobasso was then and there lawfully discharging an official duty, to wit: supervising individuals in the custody of the Texas Department of Criminal Justice.

> (Count Two): **intentionally, knowingly, or recklessly cause bodily injury to Derek Wooldridge by stabbing him in the arm**, and the defendant did then and there use or exhibit a deadly weapon, to wit: a sharp metal object, during the commission of said assault, and the defendant did then and there know that the said Derek Wooldridge was then and there a public servant, to-wit: an employee of the Texas Department of Criminal Justice, and that the said Derek Wooldridge was then and there lawfully discharging an official duty, to wit: supervising individuals in the custody of the Texas Department of Criminal Justice.

> (emphasis added)

Causing bodily injury to the victims by stabbing them was the most basic or essential element in this offense. The elements of the offense of aggravated assault on a public servant are:

---

[2]  *Available at* http://www.merriam-webster.com/dictionary/primary (last accessed August 14, 2015).

(1) intentionally, knowingly, or recklessly causes bodily injury to another;
(2) the actor knew that the person he assaulted was a public servant;
(3) the person assaulted was discharging official duties at the time of the assault;
(4) the person assaulted was lawfully discharging official duties; and
(5) uses or exhibits a deadly weapon during the commission of the assault.

Tex. Pen. Code § 22.02.

Listing the elements of the offense clearly shows that the most important or most basic element or essential element of aggravated assault on a public servant is still intentionally, knowingly, or recklessly causes bodily injury to another person. In other words, it is the primary offense that underlies Appellant's conviction for aggravated assault on a public servant. Without the actual assault, there would be no charge. See Tex. Pen. Code § 22.02. This "primary offense" would then be misdemeanor assault. See Tex. Pen. Code § 22.01(a). Thus, the applicable statute of limitations would be two years in this case. See Tex. Code of Crim. Proc. Art. 12.02(a). The State filed the indictment in this case on April 24, 2014 charging Appellant with two counts of Aggravated Assault of a Public Servant alleged to have occurred on or about February 29, 2012. This is clearly over the two year statute of limitations that should be applied to this offense. The trial court erred by denying Appellant's Motion to Set Aside the Indictment in this case. (2 R.R. at 10).

## **PRAYER**

Appellant Frederick Deshun Lee prays that this Court reverse the trial court's judgment and render judgment in his favor as the applicable statute of limitations has run. Appellant also prays for such other relief that this Court may deem appropriate.

Respectfully submitted,
STATE COUNSEL FOR OFFENDERS

/s/ Nicholas Mensch
Nicholas Mensch
State Bar of Texas No. 24070262
P.O. Box 4005
Huntsville, Texas 77342-4005
(936) 437-5252
(936) 437-5279 (fax)
nicholoas.mensch@tdcj.texas.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this *Appellant's Brief* was served upon opposing counsel noted below, by one or more of the following: certified mail (return receipt requested), facsimile transfer, or electronic mail (e-mail), this 24th day of August, 2015.

Melinda Fletcher
Special Prosecution Unit
P. O. Box 1744
Amarillo, TX  79501
Facsimile no. 866-923-9253
E-mail address: mfletcher@sputexas.org

Allyson Mitchell
Anderson County District Attorney
500 N. Church St.
Palestine, TX 75801
(903) 723-7400/(903) 723-7818 (fax)
E-mail address: amitchell@co.anderson.tx.us

/s/ Nicholas Mensch
Nicholas Mensch
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i) because this brief contains 2,140 words.

/s/ Nicholas Mensch
Nicholas Mensch
Attorney for Appellant