# NO. 12-15-00183-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FREDERICK DESHUN LEE,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Frederick Deshun Lee appeals his convictions for two counts of aggravated assault on a public servant, for which he was sentenced to imprisonment for seventeen years for each offense. In one issue, Appellant argues that the trial court erred by refusing to set aside the indictment. We affirm.

## BACKGROUND

Appellant was charged by indictment with two counts of aggravated assault on a public servant. Appellant moved to set aside the indictment, arguing that the two year statute of limitations had run. Following a hearing on Appellant's motion, the trial court overruled it. Thereafter, Appellant pleaded "guilty" as charged, and the trial court sentenced him to imprisonment for seventeen years for each offense. This appeal followed.

## STATUTE OF LIMITATIONS

In his sole issue, Appellant argues that the trial court erred by refusing to set aside the indictment because the two year statute of limitations had run. His argument focuses on the construction of Texas Code of Criminal Procedure, Article 12.03.

## Standard of Review and Governing Law

Statutory construction is a question of law subject to de novo review. *See **Krause v. State***, 405 S.W.3d 82, 85 (Tex. Crim. App. 2013). When interpreting the meaning of a statute, we seek to effectuate the collective intent of the legislators who enacted the legislation. *See **id**.; **Clinton v. State***, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011) (citing ***Boykin v. State***, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). To determine collective intent, we first look to the literal text, which provides the best means to determine the fair, objective meaning of that text at the time of its enactment. *See **Clinton***, 354 S.W.3d at 800.

Unless the statutory language is ambiguous or application of the statute's plain meaning would cause an absurd result, we do not consider extratextual factors. *See **id**.* We determine a statute's plain meaning by applying the canons of construction, which include a list of presumptions regarding legislative intent. ***Id**.* (citations omitted); *see also* TEX. GOV'T CODE ANN. § 311.021 (West 2013). It is presumed that (1) compliance with the constitutions of this state and the United States is intended; (2) the entire statute is intended to be effective; (3) a just and reasonable result is intended; (4) a result feasible of execution is intended; and (5) public interest is favored over any private interest. ***Id**.* § 311.021; ***Clinton***, 354 S.W.3d at 800.

Texas Code of Criminal Procedure, Article 12.01 is the primary statute for determining the limitation period for felony indictments. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01 (West Supp. 2014). Article 12.01 categorizes the limitation period for felony offenses, which ranges from "no limitation" to three years. *See **id**.* It also expressly subjects itself to any limitations that may be provided for in Article 12.03. *See **id**.* Subsections (1) through (6) set the limitation period for specific felony offenses. *See **id**.* art. 12.01(1)–(6). Subsection (7) provides that the limitation period for "all other felonies" is "three years from the date of the commission of the offense." *See **id**.* art. 12.01(7). Aggravated assault is not enumerated in subsections (1) through (6), but this does not automatically trigger application of subsection (7) because of the statute's prior reference to Article 12.03. *See **id**.*

Article 12.03 provides the framework for determining the limitation period for attempt, conspiracy, solicitation, organized criminal activity, and aggravated offenses not enumerated in Article 12.01. *See* TEX. CODE CRIM. PROC. ANN. art. 12.03 (West 2005). Article 12.03(d) provides that "[e]xcept as otherwise provided by this chapter, any offense that bears the title 'aggravated' shall carry the same limitation period as the primary crime." ***Id**.* art. 12.03(d). Because

2

aggravated assault is not enumerated in Article 12.01, we apply the language in Article 12.03(d) to determine the limitation period for the offense alleged in this case. *See id.* arts. 12.01, 12.03(d).

## *Fantich v. State*

We recently addressed the question of the applicable statute of limitations in an aggravated assault case in *Fantich v. State*, 420 S.W.3d 287 (Tex. App.–Tyler 2013, no pet.). In that case, we concluded that Articles 12.01 and 12.03 are not ambiguous and applied their plain meaning to determine the limitation period for criminal conspiracy to commit aggravated assault. *See id.* at 290. In construing the language of the indictment, we explained that it alleged aggravated assault because it alleged "bodily injury requiring hospitalization and the use of a deadly weapon." *Id.* (citing TEX. PENAL CODE ANN. § 22.02(a) (West 2011)). We also concluded that either misdemeanor or felony assault can be the "primary crime" for aggravated assaults. *See Fantich*, 420 S.W.3d at 290. And since the indictment in that case did not allege any other facts that would render the primary crime a felony assault under Section 22.01, the primary crime was a misdemeanor assault with a limitations period of two years. *See id.* at 291. However, in a footnote, we noted that an assault under Section 22.01 is a felony if committed against certain types of victims. *Id.* at 291 n.3 (citing TEX. PENAL CODE ANN. § 22.01(b)(1) (West Supp. 2014) (assault is third degree felony if committed against public servant lawfully discharging official duty or in retaliation or on account of exercise of official power or duty)).

Appellant acknowledges our holding in *Fantich*, but he urges us to reconsider the decision. He suggests that the common meaning of the term "primary" is "most important[,] most basic or essential, [or] happening or coming first[.]" Thus, Appellant contends that we should conclude that the primary crime in this case is misdemeanor assault. Having considered Appellant's argument and our analysis in *Fantich*, we conclude that the analysis set forth in *Fantich* is sound and should be applied in this case.

## Limitations Period for Aggravated Assault on a Public Servant

In the instant case, Appellant was charged with aggravated assault on a public servant. *See* TEX. PENAL CODE ANN. § 22.01(b). Specifically, the indictment alleged that Appellant committed the offense as follows:

> COUNT ONE: intentionally, knowingly, or recklessly cause bodily injury to Thomas Lobasso by stabbing him in the hand and/or wrist, and the defendant did then and there use or

exhibit a deadly weapon, to-wit: a sharp metal object, during the commission of said assault, and the defendant did then and there know that the said Thomas Lobasso was then and there a public servant, to-wit: an employee of the Texas Department of Criminal Justice, and that the said Thomas Lobasso was then and there lawfully discharging an official duty, to-wit: supervising individuals in the custody of the Texas Department of Criminal Justice.

COUNT TWO: intentionally, knowingly, or recklessly cause bodily injury to Derek Woldridge by stabbing him in the arm, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a sharp metal object, during the commission of said assault, and the defendant did then and there know that the said Derek Woldridge was then and there a public servant, to-wit: an employee of the Texas Department of Criminal Justice, and that the said Thomas Lobasso was then and there lawfully discharging an official duty, to-wit: supervising individuals in the custody of the Texas Department of Criminal Justice.

Here, much like in *Fantich*, the indictment alleges aggravated assault because it alleges that Appellant caused bodily injury requiring hospitalization and that he used or exhibited a deadly weapon. *See* TEX. PENAL CODE ANN. 22.02(a). But unlike in *Fantich*, the indictment in the instant case alleges that Appellant committed these crimes against public servants who were each lawfully discharging an official duty. These additional allegations render the primary crime in this case a felony assault. *See* TEX. PENAL CODE ANN. 22.01(b)(1). Because the primary crime of the aggravated assaults in this case is a felony, the limitation period for the aggravated assaults alleged in the indictment is three years. *See* TEX. CODE CRIM. PROC. ANN. arts. 12.01(7), 12.03(d). For the reasons set forth in *Fantich*, we conclude that our construction of the pertinent statutes in this case does not lead to an absurd result. *See Fantich*, 420 S.W.3d at 291–93. Therefore, we hold that the trial court did not err in refusing to set aside the indictment. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

BRIAN HOYLE
Justice

Opinion delivered November 12, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

NOVEMBER 12, 2015

NO. 12-15-00183-CR

FREDERICK DESHUN LEE,
Appellant
V.
THE STATE OF TEXAS,
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 31727)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*