# NO. 12-16-00260-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE 294TH* |
| | § | *JUDICIAL DISTRICT COURT* |
| *WILLIE MIKE SMITH* | § | *VAN ZANDT COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Willie Smith appeals the trial court's denial of his pretrial application for writ of habeas corpus. In one issue, he contends his indictment for driving while intoxicated third or more was barred by the statute of limitations. We affirm.

## BACKGROUND

On February 11, 2015, Appellant was indicted for DWI third or more. The indictment alleged the offense took place on November 1, 2012—more than two years before the indictment was filed. Appellant filed a motion to quash the indictment, contending the limitation period for the offense had expired. The trial court denied the motion, ruling that the limitation period for DWI third or more is three years rather than two years. Appellant subsequently filed an application for pretrial writ of habeas corpus based on the allegation that the limitation period had expired. The trial court denied the application. This appeal followed.[1]

---

[1] A pretrial writ of habeas corpus may be used to challenge the jurisdiction of the court if the face of the indictment shows that prosecution is barred by the statute of limitations. *See Ex parte Smith*, 178 S.W.3d 797, 802 (Tex. Crim. App. 2005). The denial of relief on a pretrial writ of habeas corpus may be appealed immediately. *See id*.

**LIMITATION PERIOD FOR DWI THIRD OR MORE**

In his sole issue, Appellant argues that the trial court erred by denying his application for writ of habeas corpus because the indictment was barred by the statute of limitations, which Appellant asserts is two years under Article 12.03 of the code of criminal procedure.

**Standard of Review**

Statutory construction is a question of law subject to de novo review. *See Krause v. State*, 405 S.W.3d 82, 85 (Tex. Crim. App. 2013). When interpreting the meaning of a statute, the courts seek to effectuate the collective intent of the legislators who enacted the legislation. *Id.; Clinton v. State*, 354 S.W.3d 795, 800 (Tex. Crim. App. 2011) (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). To determine collective intent, we look first to the literal text, which provides the best means to determine the fair, objective meaning of that text at the time of its enactment. *Clinton*, 354 S.W.3d at 800.

Unless the statute is ambiguous or application of the statute's plain meaning would cause an absurd result, we do not consider extratextual factors. *See id.* We determine a statute's plain meaning by applying the canons of construction, which include a list of presumptions regarding legislative intent. *Id.*; *see also* TEX. GOV'T CODE ANN. § 311.021 (West 2013). It is presumed that (1) compliance with the constitutions of this state and the United States is intended; (2) the entire statute is intended to be effective; (3) a just and reasonable result is intended; (4) a result feasible of execution is intended; and (5) public interest is favored over any private interest. TEX. GOV'T CODE ANN. § 311.021; *Clinton*, 354 S.W.3d at 800.

**Analysis**

Article 12.01 of the code of criminal procedure is the primary statute for determining the limitation period for felony indictments. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01 (West 2005). Subsections one through six categorize the limitation period for specific felony offenses, which ranges from "no limitation" to a limitation of three years. *See id.* Subsection seven provides a three year limitation period for "all other felonies" not specifically listed. *See id.* art. 12.01(7). DWI third or more, a felony offense, is not specifically listed in subsections one through six; thus, in accordance with Article 12.01's plain language in subsection seven, it is subject to a three year limitations period. *See id.* art. 12.01.

Nevertheless, Appellant argues that a two year limitations period applies under Article 12.03(d). Article 12.03 prescribes the limitation periods for "aggravated offenses, attempt,

conspiracy, solicitation, [and] organized criminal activity[.]" *Id*. art. 12.03 (West 2005). Under Article 12.03(d), "[e]xcept as otherwise provided by this chapter, any offense that bears the title 'aggravated' shall carry the same limitation as the primary crime." *Id*. art. 12.03(d). Article 12.02 provides that "[a]n indictment or information for any Class A or Class B misdemeanor may be presented within two years from the date of the commission of the offense[.]" *Id*. art. 12.02 (West 2005). Accordingly, Appellant argues that the limitation period expired prior to his indictment because the primary offense for DWI third or more is misdemeanor DWI, which has a limitation period of two years. *See id*.; *see also* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2016).

To support his contention, Appellant directs us to *Fantich v. State,* 420 S.W.3d 287 (Tex. App.—Tyler 2013, no pet.). In *Fantich*, we considered whether an indictment for conspiracy to commit aggravated assault was subject to a two or three year limitations period. *Fantich*, 420 S.W.3d at 287. In construing Articles 12.01 and 12.03, we held that the statutes are not ambiguous and we applied their plain meaning to determine the applicable limitation period. *Id*. at 290. We explained that either misdemeanor or felony assault can be the primary crime for aggravated assault. *Id*. In *Fantich*, the primary crime was misdemeanor assault; thus, we concluded that the indictment was subject to a two year limitation period based on the statutory construction of Article 12.03. *See id.* at 291; *see* TEX. CODE CRIM. PROC.. ANN. arts. 12.02, 12.03(b), (d).

Since our ruling in *Fantich*, the court of criminal appeals has held that Articles 12.01 and 12.03 are ambiguous. *State v. Schunior*, 506 S.W.3d 29, 35 (Tex. Crim. App. 2016).[2] In *Schunior*, the court considered whether the limitation period for aggravated assault with a deadly weapon was governed by Article 12.01(7) or Article 12.03(d). *Id.* The court noted that the vast majority of aggravated felonies have a felony offense as their corresponding non-aggravated complement, except for aggravated assault and aggravated perjury, which can have misdemeanor assault or misdemeanor perjury as their non-aggravated complements. *Id.* at 34. The court noted that Article 12.01 opens with "[e]xcept as otherwise provided in Article 12.03" while Article

---

[2] In the past, the court of criminal appeals has stated that the statute of limitations for aggravated assault is three years. *See* **Hunter v. State**, 576 S.W.2d 395, 399 (Tex. Crim. App. 1979); *Ex parte Salas*, 724 S.W.2d 67, 68 (Tex. Crim. App. 1987). In *State v. Bennett*, the court held that defense counsel was not deficient for failing to contest a defendant's aggravated assault indictment on statute of limitation grounds, acknowledging that the area of law is unsettled, and in her concurrence, Presiding Judge Sharon Keller dismissed the court's previous statements in *Hunter* and *Salas* as dicta. *State v. Bennett*, 415 S.W.3d 867, 869 (Tex. Crim. App. 2013); *Id.* at 872 (Keller, P.J. concurring).

12.03(d) begins with "[e]xcept as otherwise provided in this chapter[,]" resulting in both articles giving deference to the other. *Id.* at 35. Accordingly, the court held that the dueling "except" clauses in both Articles 12.01(7) and 12.03 made the relationship between the two statutes ambiguous. *Id*. at 36. Looking to the legislative history, the court noted the "except" clause in Article 12.03(d) was added simultaneously with the longer limitation period for aggravated sexual assault of a child; thus, the court concluded that the "except" clause was intended to exempt aggravated sexual assault of a child from Article 12.03(d), given that it was now explicitly listed in Article 12.01. *Id.* The court further held the "except" clause in Article 12.03(d) was not intended to push all unlisted aggravated offenses to the three year limitation period of Article 12.01(7), which would render Article 12.03(d) entirely superfluous. *Id.* Thus, the court concluded that the limitation period for aggravated assault was governed by Article 12.03(d), resulting in a two year limitation period for the offense as charged. *Id.*

In this case, to determine the applicable limitation period, we begin by first reviewing the allegations in the indictment, which provides, in relevant part, as follows:

> "on or about November 1, 2012, and before the presentment of this indictment, in the County and State aforesaid, did then and there operate a motor vehicle in a public place while the said defendant was intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, or a dangerous drug into the body, or by having an alcohol concentration of at least 0.08;
>
> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereinafter styled the primary offense), on September 10, 1997, in cause number 97-195 in the County Court of Van Zandt County, Texas, the defendant was convicted of the offense of Driving While Intoxicated; and on September 9, 1999, in cause number 99-36950-H in the County Criminal Court No. 7 of Dallas County, Texas, the defendant was convicted of the offense of Driving While Intoxicated 2nd[.]"

The language of the indictment shows that Appellant was charged with an offense under section 49.09, which prescribes more severe penalties for repeat DWI offenders. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b)(2) (West Supp. 2016). Under section 49.04 of the penal code, operation of a motor vehicle in a public place while intoxicated constitutes a misdemeanor offense. *Id*. § 49.04. However, driving while intoxicated is a felony of the third degree if the person has previously been convicted two times of any other offense relating to the operation of a motor vehicle while intoxicated. *Id*. § 49.09(b)(2).

4

The plain language of Article 12.03(d), which states that an aggravated offense carries the same limitation period as the primary crime, expressly applies to "any offense that bears the title 'aggravated[.]'" TEX. CODE. CRIM. PROC. ANN. art. 12.03(d). Section 49.09, which specifically addresses enhanced offenses and penalties, does not bear the title "aggravated." *See* TEX. PENAL CODE ANN. § 49.09. Accordingly, unlike the conspiracy to commit aggravated assault charge in *Fantich* or the aggravated assault charge in *Schunior*, the felony offense of DWI third or more does not bear the title "aggravated."

As previously discussed, *Schunior* held that Articles 12.01(7) and 12.03(d) were ambiguous because of their dueling "except" clauses, and the court resolved that ambiguity by looking to the legislative history to conclude that Article 12.03(d) was the governing provision for the charge of aggravated assault. *See Schunior*, 506 S.W.3d at 35-36. In this case, the plain language of Article 12.03(d) states it applies to "any offense that bears the title 'aggravated.'" TEX. CODE. CRIM. PROC. ANN. art. 12.03(d). Because Article 12.03(d) expressly applies to an offense that bears the title "aggravated," the ambiguous interplay between Articles 12.01(7) and 12.03(d) is not implicated in this case. Accordingly, there is no need to look to extra-textual factors unless the plain language of the statute would create an absurd result. *See Clinton,* 354 S.W.3d at 800.

Based on the plain language of the statute, we conclude that Article 12.03(d) is not applicable to Appellant's indictment because the felony offense of DWI for which Appellant is charged is not an offense bearing the title of "aggravated." *See* TEX. CODE CRIM. PROC. ANN. art. 12.03(d); *see also Clinton*, 354 S.W.3d at 800. Rather, the charged offense of DWI third or more is governed by Article 12.01(7), which sets a limitation period of three years for felonies not specifically listed in subsections one through six of Article 12.01, such as DWI third or more. *See* TEX. PENAL CODE ANN. § 49.09(b)(2); *see also* TEX. CODE CRIM. PROC. ANN. art. 12.01(7).

Nor does this conclusion lead to an absurd result. Article 12.03(d) is expressly limited in application to offenses that "bear the title 'aggravated.'" *See* TEX. CODE CRIM. PROC. ANN. art. 12.03(d). Section 49.09 does not fall into that category. *See* TEX. PENAL CODE ANN. § 49.09. Additionally, when "applying the pertinent canons of construction, we must presume the Legislature intended for the entire statute to be effective and to produce a just and reasonable result." *Clinton,* 354 S.W.3d at 800. "The Legislature created a special 'progression of more severe penalties ... specifically for repeat DWI offenders' to 'address the human misery and

5

widespread destruction caused by drunk drivers.'" ***State v. Cooley***, 401 S.W.3d 748, 750 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (quoting ***Guinn v. State***, 696 S.W.2d 436, 438 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd)). Given this intention, it is reasonable to conclude that the legislature would consider a three-year limitations period for the offense of DWI third or more as producing a just and reasonable result.

Moreover, as stated in ***Schunior***, the legislature considers more than just the nature of the offense when prescribing a limitation period, noting that while it may seem counterintuitive, there are several non-violent offenses that have longer limitation periods than violent offenses. *See **Schunior***, 506 S.W.3d at 36-37. Thus, we cannot conclude it absurd that the legislature would intend a longer limitation period for DWI third or more than it would an aggravated assault. *See **Id.***; *see also **Clinton***, 354 S.W.3d at 800. We are unaware of any authority, nor does Appellant direct us to any, that has applied Article 12.03 to an offense that does not bear the titled "aggravated." *See* TEX. R. APP. P. 38.1(i) (stating that a brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record). Accordingly, under the circumstances of this case, we overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's denial of Appellant's application for writ of habeas corpus.

GREG NEELEY
Justice


Opinion delivered May 31, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2017**

**NO. 12-16-00260-CR**

**EX PARTE: WILLIE MIKE SMITH**

Appeal from the 294th District Court

of Van Zandt County, Texas (Tr.Ct.No. WR16-00088)

THIS CAUSE came to be heard on the appellate record and brief filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*