In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00164-CR
NO. 09-18-00165-CR

_____

**ROLAND KADERLI JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause Nos. CR33804 and CR33805**

**MEMORANDUM OPINION**

In these appeals, Roland Kaderli Jr.'s court-appointed appellate counsel submitted briefs in which he states that no arguable grounds exist to support Kaderli's appeals from his convictions, following a trial by jury, of two felonies.[1]

_____

[1] The convictions Kaderli has appealed were consolidated and ultimately resolved by the same jury. At the conclusion of the trial, the jury found Kaderli guilty in Cause Number CR33804 of aggravated assault with a deadly weapon. Tex. Penal

1

Based on our review of the record, we agree that no arguable issues exist to support Kaderli's appeals.

After Kaderli appealed, appellate counsel filed briefs in which counsel presented his professional evaluation of whether there were any issues that might have merit on which to base appeals. In both briefs, Kaderli's counsel concludes that no issues that have merit can be argued to support Kaderli's appeals.[2]

After Kaderli's appellate counsel filed the briefs, we gave Kaderli an extension of time so that he could file *pro se* responses in his appeals. Kaderli filed the same response in each appeal. Among the complaints in his response, Kaderli

_____

Code Ann. § 22.02(a)(2) (West 2011) (defining aggravated assault as an assault during which the defendant used or exhibited a deadly weapon). In Cause Number CR33805 the jury convicted Kaderli of driving while intoxicated, third or more. *See id.* §§ 49.04, 49.09(b)(2) (West Supp. 2018) (elevating driving while intoxicated to a third-degree felony if the State established that the defendant had previously been convicted, two or more times, of driving while intoxicated). The indictments relevant to both of the appeals include enhancement counts which were based on Kaderli's prior convictions for other felonies. In the punishment phase of the trial, Kaderli pleaded "true" to the enhancement counts, making him eligible for a sentence, on each conviction, ranging from twenty-five years to life. *Id.* § 12.42(d) (West Supp. 2018). Kaderli elected to allow the trial court to assess his sentences. Following the punishment phase of the trial, the trial court sentenced Kaderli to thirty years in prison on each case. Unless otherwise noted, we cite to the current version of the Texas Penal Code, as any revisions to the Penal Code since the date the State indicted Kaderli in the cases now at issue are not relevant to the disposition of Kaderli's appeals.

[2] *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

argues: (1) both trial counsel and appellate counsel were ineffective; (2) he had valid statute of limitations defenses in both cases to the charged offense and to the State's use of his prior felonies to enhance his punishment; (3) the State failed to call witnesses who could have provided testimony contradictory to the statements that the prosecutor made during his trial; (4) the State failed to timely disclose some of the exhibits the trial court admitted into evidence during trial; (5) the trial court erred when it overruled evidentiary objections and the motion to suppress that trial counsel raised in the trial; (6) the trial court erred when it refused to allow Kaderli's expert to access the blood in the hospital's possession so his expert could forensically analyze the blood for the presence of alcohol using a gas chromatograph; (7) the blood test results from the hospital should have been suppressed because the State obtained his medical records using a subpoena when it was required to obtain them with a search warrant; (8) the prosecutor engaged in misconduct, prejudicing Kaderli's right to a fair trial; (9) Kaderli's sentences were enhanced using convictions that violated his constitutional rights; and (10) the jury failed to fully and fairly consider the issues argued during his trial.

Having reviewed the appellate record, the *Anders* briefs filed by appellate counsel, and Kaderli's *pro se* response, we agree with counsel's conclusion that no meritorious, non-frivolous issues exist that can be raised to support either of

Kaderli's appeals.[3] Accordingly, it is unnecessary to appoint new counsel to re-brief the appeals.[4] Therefore, the trial court's judgments in Cause Number CR33804 and CR33805 are affirmed.[5]

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on November 26, 2018
Opinion Delivered March 13, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

[3] With respect to Kaderli's claim he received ineffective assistance of counsel, the record does not show Kaderli's counsel filed a motion for new trial. Therefore, his claim is not firmly founded in the record. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). While we agree that under the circumstances of Kaderli's case that the charge of aggravated assault charge has a two-year limitations period, the State indicted Kaderli within two years of the offense. *See State v. Schunior*, 506 S.W.3d 29 (Tex. Crim. App. 2016). Thus, when the State re-indicted Kaderli on the same charge, the tolling provision of the Code of Criminal Procedure operated to prevent the two-year statute from expiring on the charge Kaderli faced for aggravated assault. *See* Tex. Code Crim. Proc. Ann. art. 12.05(b) (West 2015).

[4] *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (requiring court appointment of new counsel only if the appellate court determines that arguable grounds exist to support issues in the defendant's appeal).

[5] Kaderli may challenge our decision in these cases by filing petitions for discretionary review. *See* Tex. R. App. P. 68.